LOVETT *vs.* THE STEAM SAW MILL ASSOCIATION and others.

Where the president of an incorporated company affixed the corporate seal to a mortgage, and signed his name to the same as such president, and acknowledged the execution thereof before the proper officer, testifying that the seal thus affixed was the common seal of the corporation, and was affixed thereto by him by authority of the corporation ; *Held*, that the mortgage was duly acknowledged and proved to entitle it to be recorded, or to be read in evidence without further proof of its execution.

The answer of a corporation under its corporate seal, which the complainant does not require to be verified by the officers of the company for the purposes of discovery, is not evidence in favor of the corporation, although it is responsive to the bill.

The seal of a corporation aggregate, affixed to a deed, is of itself prima facie evidence that it was so affixed by authority of the corporation ; especially if it is proved to have been affixed to the deed by an officer who was entrusted by the corporation with the custody of such seal. And it lies with the party objecting to the due execution of the deed, to show that the corporate seal was affixed to it surreptitiously, or improperly.

Where a deed is executed by an attorney lawfully authorized, he is the party executing the same, and may make the acknowledgment of the deed, within

the intent and meaning of the statute on that subject, to entitle it to be recorded.

1836.

Lovett
v.
The Steam
Saw Mill
Association.

April 5.

THIS was an appeal from a decree of the vice chancellor of the fourth circuit. The complainant's bill was filed for the purpose of foreclosing two mortgages, given by The Steam Saw Mill Association to the complainant; and certain judgment creditors, and other subsequent incumbrancers upon the mortgaged premises, were made defendants. The bill was taken as confessed against all the defendants except the corporation. The Steam Saw Mill Association put in an answer, under their common seal, by which they admitted that their president affixed the common seal of the corporation to the bonds and mortgages, but they denied his authority so to do. They also alleged that, previous to the incorporation of the company, the complainant leased the mortgaged premises, and his right and title to one half of the street upon which the premises were bounded, to Robert McQueen and his associates, for the term of 21 years, with the privilege of purchasing the same for the sum of $7600, upon the payment to him of that sum at any time previous to the 15th of November, 1826; that after the company was incorporated, the lessees, on the 14th of March, 1826, assigned all their interest in the lease to the corporation; and that upon the same day a resolution was passed by the board of directors, authorizing a purchase of the fee of the premises, and that a bond and mortgage be given accordingly; that the complainant expressed a willingness to convey the premises to the corporation, pursuant to his covenant in the lease, and executed a deed accordingly, on the 24th of April, 1826, under pretence of conveying the whole premises; but that in drawing the deed the complainant intentionally and fraudulently omitted to insert therein and to convey his right and title to the half of the streets upon which the premises were bounded; and that the complainant afterwards refused to correct this error in the deed. The corporation, in their answer, denied that any other sum than the $7600, mentioned in the lease, would have been due if the conveyance had been for the whole premises as mentioned in the lease; an offset was also

claimed, on account of monies of the corporation in the hands of the complainant.

The cause was heard upon pleadings and proofs. And the bonds and mortgages were produced, with the common seal of the corporation affixed thereto, and signed by the president of the corporation. The mortgages were also proved and acknowledged by him, at the time of the execution thereof, in the usual form, by his testifying that the seal thus affixed was the common seal of the corporation, and that it was affixed thereto by him by the authority of the corporation. The common seal, as affixed to other papers, was also proved by some of the witnesses in the cause. The vice chancellor decided and decreed that the bonds and mortgages were duly executed, upon a full and adequate consideration; and he ordered a reference to a master to take an account of the amount due to the complainant on the mortgages, and also to take an account of the amounts due to the other defendants, who had suffered the bill to be taken as confessed, and to ascertain the priority of their respective liens; reserving all further directions until the coming in of the report. From this decree and every part thereof the Steam Saw Mill Association appealed.

The following opinion was delivered by the vice chancellor, at the time of making the decretal order appealed from:

E. Cowen, V. C. The execution of the mortgages is admitted in this case; that is to say, the answer admits that Bailey, the president, affixed the seal of the corporation. This also appears by his deposition, taken on the part of the defendants, and he supposed that he acted under the proper authority in so doing. This is abundant proof that the mortgages were executed by the company. Proof that the common seal was affixed, by no matter whom, is enough; (1 *Kyd on Corporations*, 268; *Brounker* v. *Atkyns*, *Skin*. 2;) *a fortiori* where it is affixed by the head officer of the corporation. In neither case is it necessary to show that a majority of the corporation agreed to the act. Sealing a deed is enough,

1836.

Lovett
v.
The Steam
Saw Mill
Association.

even without delivery, in the case of an aggregate corporation. (1 *Kyd on Corp.* 268. 1 *Ventr.* 257. 3 *Keb.* 307.) It is not necessary, therefore, to inquire whether a corporate deed can be acknowledged within the statutes of registry. The bonds are duly proved by W. F. Osgood ; and the mortgagees admit the consideration to have been the purchase money.

Without inquiring whether the defence set up by the answer, in avoidance, would be a valid one in equity, it is enough to say that the facts of the defence are altogether unsupported by proof. The answer is not under oath, and therefore is a mere pleading. It is not evidence, except where it makes against the defendants, even if in making the defence it could be taken as responsive to the bill.

It is unnecessary to detail the matters contained in the depositions. They do not establish a single fact set up in defence.

*B. F. Butler*, for the appellants. There is no sufficient proof of the execution of the mortgages by the corporation, and the bill should therefore have been dismissed. And if the mortgages are considered as proved, the defendants, on the facts stated in their answer in response to the bill, and on the proofs, are entitled to reduce the principal to $7600, and to a correction of the conveyance in respect to the streets.

*P. A. Cowdrey*, for the respondent. The bonds and mortgages, mentioned in the pleadings, were duly executed by the defendants, the Steam Saw Mill Association, under their corporate seal ; and they cannot be impeached for the mere want of consideration : nor if they could, have they been so impeached.

The only defence which the association can set up, in avoidance of their bonds and mortgages, is, that the consideration upon which they were founded has failed, or that it was an illegal one, or that they were obtained by fraud. Neither of those defences can be sustained ; nor can the defendants avail themselves, by way of offset, of any alleged

breach of the covenant to convey the demised premises, because, 1. A claim for these damages, if any such exist, must be presented by a cross-bill; 2. The damages for any supposed breach of this covenant are unliquidated and uncertain; 3. The covenant to convey one-half of the street in front of the lots, was substantially performed by the conveyance of the lots bounded upon the streets, which gave to the grantees the right of way and left in the complainant a fee of mere nominal value; 4. The covenant to convey having been executory, and consummated by the deed subsequently given, the covenant was thereby virtually cancelled; and 5. The lease was actually cancelled by the authorized agent of the association.

THE CHANCELLOR. The first question presented in this case is as to the due execution of the mortgages. On the part of the appellants it is insisted, that the answer of the corporation, under the corporate seal, is evidence in their favor, so far as it is responsive to the bill; and that their denial of the authority of the president to affix the seal to these mortgages rendered it necessary for the complainant to show such authority. In the case of *Haight* v. *The Proprietors of the Morris Aqueduct,* (4 *Wash. C. C. Rep.* 601,) the late Judge Washington decided that the answer of a corporation, under its corporate seal, was sufficient to prevent the granting of an injunction, or to warrant a dissolution of the injunction if it had been granted; and he also intimates an opinion that such an answer would avail the corporation as evidence at the hearing, in the same manner as if put in by an individual under oath. The contrary, however, has been decided by this court, in the case of *The Fulton Bank* v. *The New-York & Sharon Canal Company,* (1 *Paige's Rep.* 311,) and in several other cases; and the decisions of this court upon that point appear to be sustained by the opinion of the supreme court of the United States, in the case of *The Union Bank of Georgetown* v. *Geary,* (5 *Peters' Rep.* 111,) although the question was not expressly decided there. Mr. Justice Thompson, in delivering the opinion of the court in that case, says, " Although the reason of the rule

which requires two witnesses, or circumstances to corrobo-
rate the testimony of one, to outweigh the answer, may be
founded in a great measure upon the consideration that the
complainant makes the answer evidence by calling for it;
yet this is in reference to the ordinary practice of the court,
requiring the answer to be on oath. But the weight of
such answer is very much lessened, if not entirely destroy-
ed as matter of evidence, when unaccompanied by an oath.
And indeed we are inclined to adopt it as a general rule,
that an answer not under oath is to be considered merely
as a denial of the allegations in the bill, analogous to the gen-
eral issue at law, so as to put the complainant to the proof
of such allegations." This is unquestionably the correct
view of the matter. The answer of a corporation, without
oath, where the complainant does not require it to be sworn
to or supported by the sworn answer of the officers of the
corporation, cannot be said to answer the double purpose
of a pleading to put the material matters of the bill in issue,
and of an examination of the defendant for the purpose of
obtaining his evidence in support of the complainant's alle-
gations; and it is for the latter purpose alone that the com-
plainant makes a witness of his adversary in the cause.

Considering this answer then as a mere pleading, to
put in issue the allegations in the bill and to set up new
matters in defence of the suit, I think the complainant has
proved all that was necessary to entitle him to a decree for
the foreclosure of these mortgages; and the defendants
have not established the defence of fraud, or of a want of
consideration, which are set up in the answer.

The legislature never could have intended to require the
deed or mortgage of a corporation to be recorded, as a ne-
cessary requisite to the preservation of the rights of the
grantee or mortgagee against subsequent purchasers or in-
cumbrancers, and at the same time to deny to him the pow-
er of having his deed or mortgage proved or acknowledged
in such a manner as would authorize the same to be record-
ed. The act of April, 1813, under which these mortgages
were acknowledged and proved, required that a deed of re-
al estate, to entitle it to be recorded, should be duly ac-

1836.

Lovett
v.
The Steam
Saw Mill
Association.

knowledged by the party executing the same, or be proved by a subscribing witness thereto ; and the same provision, substantially, is contained in the revised statutes. (1 *R. L.* 369, § 1. 1 *R. S.* 756, § 4.) And I think these mortgages were acknowledged by the party executing the same, and proved by a subscribing witness thereto, within the meaning of the statutory provisions on this subject. Where a deed is executed by the attorney of the grantor, lawfully authorized, he is the party executing the same, who may make the acknowledgment ; and such has been the uniform construction of the statute. So also, the officer or agent of a corporation, who executes a deed in the name of the corporation by affixing thereto the impession of the common or corporate seal entrusted to his care, is the party executing the deed ; as it is impossible that a corporation aggregate should execute or acknowledge a deed in person. The officer of the corporation entrusted with its common seal, and who subscribes his name to the deed as the evidence that he is the person who has affixed the common seal to the same, stands also in the character of a subscribing witness to the execution of the deed by the corporation ; and may be examined by the commissioner of deeds to prove that the seal affixed by him is the common seal of the corporation, whose deed the conveyance or instrument to which it is affixed, purports to be. The seal of a corporation aggregate affixed to a deed, is of itself *prima facie* evidence that it was so affixed by the authority of the corporation ; especially if it is proved to have been put to the deed by an officer who was entrusted by the corporation with the custody of such seal. (*See* 1 *Kyd on Corp.* 268 ; and *Angel & Ames on Corp.* 115.) And it lies with the party objecting to the due execution of the deed, to show that the corporate seal was affixed to it surreptitiously or improperly ; and that all the preliminary steps to authorize the officer having the legal custody of the seal to affix it to the deed, had not been complied with. (*Clarke* v. *The Imperial Gas Light & Coke Company,* 4 *Barn. & Ald. Rep.* 315. 1 *Nev. & Mann. Rep.* 206, *S. C.*) In this case, therefore, the bonds and mortgages under the corporate seal of the company, which

1836.

Lovett
v.
The Steam
Saw Mill
Association.

was affixed to them by the president who had the legal custody of such seal, were *prima facie* evidence that the whole amount secured thereby was justly due ; and it lay with the defendants to establish the fact, by legal proof, that there was fraud in obtaining them, or that the seal was improperly placed upon the bonds and mortgages, and without authority.

There is no evidence that the right of the complainants to the half of the streets was omitted with any fraudulent intent ; or that he agreed to sell the leasehold premises to the corporation, on a credit of five years, at the same price at which he had covenanted to sell them to the lessees, provided the money was paid within a few months thereafter ; and for aught that appears in this case, the rent reserved in the lease, or something else, may have formed a part of the consideration of the mortgages. Since the decision of the court for the correction of errors, as to the equitable rights of the grantees of urban property, bounded upon streets, to have such streets kept open for their benefit, it is of but little consequence whether there was or was not an express grant of the complainant's right to the half of the adjacent streets, contained in the deed.

So much of the decree of the vice chancellor as adjudges and decrees that the bonds and mortgages were duly executed by the appellants, upon full, adequate and legal consideration, must be affirmed with costs, to be paid out of the proceeds of the sale of the mortgaged premises, if such proceeds shall be sufficient for that purpose after paying the complainant's debt and costs in the suit ; and if not, the balance of such costs are to be paid by the appellants.

It was out of the usual course to direct a reference in this stage of the suit, to ascertain the rights of the junior incumbrancers, who had not appeared and answered ; and it will subject the appellants to some extra costs to have the cause set down for hearing a second time, upon the equity reserved. The appellants may, therefore, if they desire it, have that part of the decree modified, so as to direct a reference merely to ascertain what is due upon the complainant's bonds and mortgages, and for a sale in the usual way,

upon the coming in and confirmation of the report ; and to have the surplus proceeds of the sale brought into court and deposited in the trust company, after paying the complainant's debt and costs, until the rights of the junior incumbrancers can be settled by a reference, under the 136th rule of the court. But if the appellants do not wish such a modification of the decree, the whole must be affirmed, and the proceedings remitted to the vice chancellor.