By the Court,

Bronson, J.
The objection to the affidavit is, that it was not sworn before an officer authorized to take it. Conceding that the affidavit must be laid out of the case, I am still of opinion that the plaintiffs acquired the title of the original purchaser—the Farmers’ Bank of Orwell. When the creditor who wishes to purchase goes to the officer who made the sale, there must be a. strict compliance with the statute, or the rights of the first purchaser will not be transferred. The officer can waive nothing. (The People v. Livingston, 6 Wend. 526; The People v. Covell, 18 id. 598; The People v. Sheriff of Broome, 19 id. 87; Waller v. Harris, 20 Wend. 555; The People v. Baker, id. 602.) But I see no reason why the original or any subsequent purchaser may not dispense with the performance of any of the conditions which the statute has made for his benefit. He may part with his interest in the land on such terms as he deems proper. Hd may insist on all the statute gives him, or he may accept less. The Farmers’ Bank received the money without objection, and thus waived the necessity of producing an affidavit:
Tf another creditor had afterwards attempted to purchase, may be that the want of the affidavit would have been fatal to the plaintiffs; for without an affidavit of the amount due on • their judgment, the creditor would not know how much money he must pay to acquire the rights of the prior purchasers, and it would probably be sufficient for him to tender a nominal sum beyond the original purchase money and interest. But the defendants have hot attempted to purchase from the plaintiffs. They are strangers to the transaction which they seek to overthrow. They have not been injured, and have no right to complain of the manner in which the plaintiffs and the Farmers’ Bank were content to dispose of their own business.
It is said that the cashier of the Farmers’ Bank had no *94 authority to transact such business—that the plaintiffs should have gone to the board of directors. But it is enough that the plaintiffs went to the hanking house in business hours, and there made the payment to one of the principal agents of the corporation, who, by accepting the money, professed to have authority to receive it. His authority will be presumed until the contrary expressly appears. (Commercial Bank v. Kortright, 22 Wend. 348; Lovett v. Steam Saw Mill, 6 Paige, 54.) Indeed, I think it would not defeat the purchase if it could be shown that the cashier had been' forbidden by his principals to transact such business. A creditor, having the right to purchase from a corporation, must of necessity have the right to deal with the principal officer or agent of the company who may be found at its place of business. To hold that the creditor must go to the board of directors, would be to put it in their power, by refusing or neglecting to meet, to deprive him of a right secured to him by law.
There is another ground on which the sheriff’s deed to the plaintiffs may well be supported. They had an'assignment of the original certificate of sale, with an authority to the sheriff to convey to them. It is true that the certificate had not been acknowledged or proved, nor filed in the clerk’s office of the county; and so the case did not come within the provisions of the statute on that subject. (Stat. 1835, p. 210, §§ 1, 2.) It may be, therefore, that the sheriff could not have been compelled to execute a.deed to the plaintiffs. But although neither proved, acknowledged nor filed, the assignment transferred all the interest of the first purchaser to the plaintiffs, and was á sufficient authority to the sheriff to -make the conveyance to the assignee. I see nothing in the statute which takes away this common law effect of the assignment; and no one can be injured by allowing the sheriff to act upon it, if he is willing to do so, for the deed cannot be executed until the rights of all persons to redeem or purchase have either-been exercised, or are at an end. It is then only a ques *95 tion whether the deed shall be made directly to the assignee, or whether the title must first pass through the assignor. I think the sheriff may, if he will, convey directly to the person having the equitable title.
The instrument was executed by the cashier, who affixed to it the corporate seal of the bank. He seems to have been entrusted with the seal, and his authority to use it and make the assignment will be presumed until the contrary appears. (Lovett v. Steam Saw Mill, 6 Paige, 54; Commercial Bank v. Kortright, 22 Wend. 348.) The testimony of the cashier did not overcome the presumption. He evidently supposed he had authority, although- there had been no vote of the directors on that particular subject. The want of such a vote proves very little; for it often happens that the cashier or other officer of the bank exercises a large range of powers, with the tacit approval of his principals, although the nature and extent of his authority has never been defined by any direct act of the corporation. If the question had been put to this officer in relation to any other business of the bank which he had transacted—although it might be a matter of daily occurrence—he would probably have returned the same answer, viz., that there had been no vote of the directors authorizing him to do the act.
We think the plaintiffs made out a good title under the sheriff’s sale, and should not have been nonsuited.
New trial granted.