By the Court —Woodruff, J.
This case is brought before us by appeal from an order denying the defendants’, motion for leave to file a supplemental answer, and also by appeal from the final judgment rendered on the hearing at Special Term.
I. It is objected by the respondents that no appeal will lie from an order refusing leave to file a supplemental answer setting up facts arising since the former answer was put in, because the giving or withholding such leave rests in discretion merely, and that in no case is the defendant entitled to such leave as of strict right. (Code, § 277.)
This Court have certainly, in one instance, (6 Duer, 661,) entertained such an appeal, and at a General Term held by four of the Justices, reversed the order denying such leave, all the Justices concurring. We do not therefore feel at liberty to dismiss the appeal on the objection now raised. Other reasons might be given for regarding this as an appealable order, but the reason named is sufficient.
We think, however, that the - order appealed from was properly made, and should be affirmed.
The action is brought to compel the specific performance of a contract to convey to the plaintiffs certain real estate, and the contract provided that the conveyance should be made by authority of the Supreme Court first obtained. An order in due form was obtained from the Supreme Court sanctioning the agree *260 ment, and authorizing the defendants to sell and convey the real estate referred to, in .pursuance of the contract so made.,
After the cause had been tried upon, the merits, and it had been declared and adjudged that the plaintiffs are entitled to have a specific execution of the contract, and pending a reference to ascertain what allowances should be made to. the plaintiffs (by way of deductions from the purchase money,) by reason of taxes, assessments and incumbrances upon the premises, a judgment was rendered in the Supreme Court which gave occasion for the application by the defendants for leave to file a supplemental answer.
Certain members of the congregation had filed a bill in the Supreme Court against the defendants to restrain them from executing a conveyance in pursuance of the agreement mentioned, or under the order authorizing such sale. To that bill the present plaintiffs^ were not parties. ' The judgment of the Supreme Court awarded such injunction. •
That judgment the defendants sought to set up as a defense to this action by supplemental answer.
Such a judgment could not, upon any principle of law or equity, be regarded as an adjudication of the rights of .these plaintiffs under their contract, and the order authorizing the sale and conveyance in pursuance thereof. It did not bind the plaintiffs as an adjudication of any question which, by virtue of any right acquired under their contract, they had a right to contest.
It did not purport to revoke and set aside the order of the Supreme Court authorizing the conveyance, but only to enjoin the defendants from acting under the permission thereby given. If that order could be revoked in a manner that should affect the plaintiffs without notice to them, it was not done.
The judgment did not, as against these plaintiffs, determine that the contract was not a lawful contract made by proper authority, in all respects binding on the Corporation. Or that the. order was not duly, made in the exercise of competent power, and upon evidence as between these parties sufficient to establish its validity.
For the same reasons, such judgment was not, as against these plaintiffs, even prima facie evidence of any of the facts last enumerated.
*261 The chief) if not the only purpose therefore which the judgment could serve, if a supplemental answer was permitted in order to bring the same before this Court, was to lay the foundation for the claim, that an injunction restraining the defendants from acting under the authority given by the former order was a virtual revocation of the order-itself, and that therefore their power to perform their contract was at an end, or that -at least specific performance ought not to be decreed when such performance would involve the violation of an injunction, and expose the defendants to be proceeded against therefor in another Court.
Without conceding to a judgment granting such an injunction in a suit to which the purchasers were not parties, the effect of a virtual revocation of the previous order, it must suffice to say that it was palpably true in our opinion, as it was in the opinion of the Justice denying the motion, that the judgment was in substance and effect obtained by collusion, by a willing plaintiff against willing defendants, both desirous of defeating these plaintiffs in their claim to have this contract performed.- •
However true it was that when that action was commenced^ the defendants were acting in good faith, and proposed honestly to resist the claim set up therein, it is, we think, clear that a change occurred in their determination, and that the apparent litigation in the Supreme Court did not proceed upon a full and fair presentation to that Court of all the facts, and was not intended nor desired by either party to result otherwise than it did.
It is not, we think, true that when a Beligious Corporation has made a valid contract, with the assent of the Supreme Court, to a conveyance by á proper order, regularly obtained,- that Corporation may, by its agents, voluntarily procure, or colluding with others, submit to an order forbidding the conveyance, arid then be permitted to allege such order as an excuse for not perforining the contract.
But if-it could be conceded that when brought before the Court in the defendants’ answer, such a judgment might be construed as tantamount to a revocation of the previous order, wé must still say, that if obtained, as it appears to us, the judgment in question was obtained, no leave to set it up as a defense should be given, if the Court have any discretion on the subject.
*262 There is another reason why there is no hardship upon the defendants in this: The plaintiffs in the Supreme Court seeking to prevent a conveyance to the present plaintiffs, and knowing that they held the contract therefor, might have made them parties to their suit, and had they done so, this suit would probably have been unnecessary. And we cannot doubt that if the defendants had, in due season, sought in that Court to have these plaintiffs made parties, it would have been done. The application said to have been made on the trial there, after the plaintiffs and defendants were both intent on defeating the claim of the present plaintiffs, does not bear the appearance of an earnest wish to protect the defendants from the necessity of litigating this suit, but rather suggests a determination by all available means to defeat it.
II. In considering the appeal from the judgment, it is to be observed that it is alleged in the complaint, and not denied in the answer, that an agreement with the plaintiffs for the sale to them of the premises in question was made in writing by the defendants under their corporate seal, and attested by the Chairman of the defendants’ Board of Trustees and by their Recording Secretary, and that they were the proper officers of the Corporation to execute such an agreement. But it is averred in the answer that in executing and delivering the agreement of sale, set forth in the complaint, the Chairman and Secretary acted without lawful authority.
It is also averred that the defendants presented a petition to • the Supreme Court, under the seal of the defendants and verified by the President of their Board of Trustees setting forth such contract, and praying for an order authorizing the sale, and that such order was made. The answer does not deny these allegations but avers that their corporate seal was unwarrantably and without due authority from them affixed to said petition, and it also controverts the facts which were stated in the petition as reasons for making the sale.
The answer then set up as a defense the pendency of an action in the Supreme Court by three of the congregation against the defendants herein, in which an injunction pendente lite had been obtained restraining the defendants from executing any deed to the plaintiffs or to any other person or persons in pursu *263 anee of the contract in question, or the order authorizing a conveyance, until the further order of the said Supreme Court.
It seems to us clear that in this state of the pleadings if it was incumbent on the plaintiffs to offer any proof whatever, it was enough to produce the contract admitted to have been made by the defendants and to have been executed by the proper officers. If the admissions were not sufficient, the presumption of due authority from the Corporation then arose, as held in reference to instruments executed under the seal of a corporation by the officers thereof in repeated cases. In this respect we find no warrant for any discrimination between an ecclesiastical corporation and any other. In so far as it was competent for the Corporation to authorize the execution of the contract, the presumption that .such authority was given applies to them as fully as to any other Corporation whose contract, deed or covenant is thus atttested. And that such presumption arises from such an attestation, (see Angell & Ames on Corporations, ch. 7, § 6, 3d ed., p. 194, and numerous cases cited in note 1; Lovett v. Steam Saw Mill Association, 6 Paige, 54; Leggett v. The New Jersey Manufacturing and Banking Company, Saxt. Ch. R., 541; Jackson v. Campbell, 5 Wend., 575; Hoyt v. Thompson, 1 Seld., 335, 355, 356.)
The agreement being proved, or, as we think, being admitted by not being denied to have been made by the defendants, the presentation of the petition in like manner authenticated, and the order of the Supreme Court thereupon authorizing the sale and conveyance being admitted by the pleadings, there was nothing further to be proved by the plaintiffs to establish the case made by their complaint. The burden of impeaching the authority to execute the agreement and to malee the application for and obtain the order of the Supreme Court was thrown upon the defendants, and the only proof which the defendants offered was a summons and complaint in an action in the Supreme Court, to which the plaintiffs were not parties, and an injunction order granted thereon, as set up in the defendants’ answer. If the petition and order of the Supreme Court thereon were not sufficiently admitted in the pleadings they were put in evidence by the defendants themselves as a part of the papers in that action, and were on their face a petition by the Corporation itself *264 under the corporate seal—setting out the contract with the plaintiffs-as their contract.. . .
That the pendency of the suit in the Supreme Court could operate to bar the plaintiffs of their remedy in the present action cannot be claimed, unless the injunction granted there pendente lite was in effect a-revocation of the order authorizing a sale to these plaintiffs; It was clearly no revocation. It only purported to restrain for the time being .any action under that order. If the plaintiffs. had acquired a right to a conveyance by virtue of the contract and the order of the Supreme Court' authorizing the sale, that right could no more be affected by such an injunction, than , in a case-in which the party agreeing to convey was a private individual.
• It is quite true that, where, in an action for- a specific performance,-it appears that the defendant cannot make title to the premises agreed to be conveyed, the plaintiff will be obliged to accept compensation in damages. And this would be so, whether the .defendant.were a private person or a corporation. But it can never be permitted to a defendant to protect himself by showing that, ah adverse claim has been set up by one not a party to the suit upon which he has been enjoined. The defendant, in case of such conflicting claim, must, by something in the nature of a cross-bill, showing his own good faith and his readiness to perform- his contract, bring the counter-claimant before the Court.
. Unless, therefore, the appellants are right in denying that this Court has any jurisdiction to compel an ecclesiastical corporation to perform an agreement to convey .its real estate, or unless the agreement was itself void because the corporation has no power to make'an executory agreement to sell its lands, or the authority is so.vested in the. Supreme Court that the Trustees have no power to. sell in any form, that power being vested in the Court itself,, the defendants stood before the Court without any defense, and subject to a decree for the performance of their agreement.
1. The question of jurisdiction, in so far as it depends upon the inquiry whether this Court has a general jurisdiction in equity. cases is not, in this Court, open to discussion. It was considered in the case of Forrest v. Forrest (6 Duer, 114.) Such jurisdiction was, long before that time asserted and exercised. It.has constantly since been exercised. Numerous cases in equity, *265 originating in this Court, have been considered in the court of last resort, and the repeated affirmance of the judgments of this Court in such cases suggests that no serious doubt on this subject exists. (5 Seld., 263; 15 N. Y. R., 587; 16 id., 12; id., 392; 17 id., 9; 18 id., 481; 19 id., 208; id., 499.)
A suit to compel the specific performance of a contract is within the ordinary jurisdiction of a court of equity.
The objection to the jurisdiction of this Court is of no force, unless it arises from the character of the defendant, or from the subject-matter of the agreement.
The mere circumstance that the defendant is an ecclesiastical corporation cannot, we think, affect the question. In so far as such a corporation has authority to make contracts, it is subject to the ordinary rules of law and equity applicable to any other contracting party.
If, therefore, there is any want of power in this Court to order the specific performance of the contract, it must be because the whole authority over the subject of sales of lands by an ecclesiastical corporation is so vested in the Supreme Court that the corporation has no power to make a contract of sale, and no other Court can direct the performance of such a contract. This, therefore, involves the consideration of the inquiry next to be considered, viz.:
2. -Can such a corporation bind itself by an agreement to sell lands, or, under our statute, is the power vested exclusively in the Supreme Court, the Trustees, in executing the conveyance, acting merely in obedience to its mandate in a quasi ministerial capacity?
It must be deemed settled that the title to the real estate held by such a Corporation is vested in the Corporation itself by its corporate name, and not in the Trustees as Trustees. Though named in the corporate name as Trustees, it is the Corporation that is described by the aggregate terms “The Trustees of the Irish Presbyterian Church in the city of New York.” The' actual Trustees for the time being having the custody and management of the property, the fee is in the Corporation. This view of the subject received the approval of the Court of Appeals, in The People v. Fulton, (1 Kern., 94,) and Robertson v. Bullions. (Id., 243.)
*266 The title to the real estate being thus vested in the Corporation, the only restraint now existing under the laws of this State upon their alienation is, as we think, the indispensable condition that the. order of the Supreme Court be obtained directing such sale; and that when such order is obtained, the power of the Corporation is as full and ample as the power of any other Corporation to sell its real estate, and acts done with that view just as obligatory upon them. In such case the Corporation, holding the title in fee, has authority to sell and convey; whatever want of power had existed is now supplied by the order of the Court. Whether the Supreme Court be regarded as the source of the power, or as acting merely in removing a prior disability, when the proper order is made, there exists an agreement to convey and a power to convey, and these concurring, there seems no obstacle to a decree compelling the performance of the agreement. We think, however, that the power of the Supreme Court in the matter is a regulating power for the purpose of preventing a violation of the trust for the particular use to which the property is dedicated, and to see that the proceeds of sale are invested for the like uses; and that the order of the Supreme Court in such cases authorizing the sale is permissive only and not mandatory.
In these respects, we think the reasoning of the Justice at Special Term is corredt, and sustained by the authorities there cited; and that “the power to contract for a sale subject to the sanction of the Supreme Court vests in a Religious Corporation; and when such sanction has been obtained and remains in force, the Corporation is as much bound to fulfill it as an individual ” is, when he has made a valid agreement to sell.
When the rights of the purchaser have become so far fixed that he holds an agreement duly executed by the Corporation, and the requisite sanction of the Supreme Court has been obtained, he can be compelled to pay for the land, and his title to a conveyance seems to us clear unless and until by some proceeding to which he is a party, that sanction, if in such case it be revocable, is duly revoked and withdrawn.
The order of the Supreme Court does not operate to compel the corporation to sell. If the power of sale was vested in that Court, in the sense in which we understand the appellants to *267 contend, then it would seem to follow that in any case so soon as that Court obtained .jurisdiction of the Corporation by the presentation of a petition, the Court could compel a sale whether the Corporation deemed it expedient to accept the terms offered or not. This we think is not so; the agreement of the Corpora- ■ tion is indispensable and the option to sell or not to sell, down to the moment a valid agreement for a sale is made, belongs entirely to them, with the single qualification that if they sell the sanction of the Court must be obtained.
In this view of the subject, we think the making of an ex-ecutory agreement subject to the approval of the Court, not only not objectionable or invalid as an act ultra vires, but in general, the proper and preferable mode of bringing the whole question of the propriety of giving sanction to the sale into view, and under the discretion which the Court are to exercise.
In The Baptist Church v. Witherell, (3 Paige, 300,) the Chancellor held that the legal title was vested in the Corporation. In The Dutch Church v. Mott, (7 Paige, 84,) he held that the act of March, 1806, gave to every religious corporation an unlimited power to convey any real property held by them in trust for the corporators, provided the previous consent of the Court of Chancery to such alienation, and a direction for the proper application of the proceeds was obtained.
The general power of all Corporations to convey their property and to bind themselves by their contracts is possessed by religious corporations, subject only to the condition that the consent of the proper Court shall be obtained, and we perceive no reason for holding that such agreement may not be made with a condition that the sanction of the Court be given thereto.
In De Ruyter v. St. Peter's Church, (3 Comst., 241,) Mr. Justice Ruggles says, of the powers of that Corporation (which in making sales required the concurrence of the Chancellor, as specified in the 11th section of the act to provide for the incorporation of religious societies,) that the power to sell is in the Trustees and not in the Court of Chancery. That Church acted under a special charter, but if our views are correct as already stated-, the observation is also applicable to the present case, for if the observations of the Chancellor in The Dutch Church v. Mott, be adopted, then the phraseology of the charter of St. *268 Peter’s would not affect the decision;, for if,'as the Chancellor held, Corporations have under the general law power to convey, provided-the previous consent of the Court of Chancery is obtained, those Corporations stand .in that respect, in the same situation as St. Peter’s did under its special charter. The observations of Judge Ruggles, that the Court could order the sale of property .of Corporations under the general act to be made by a Master, were entirely obiter, and if true in the sense that, when an order has been regularly obtained, and an agreement made on the faith of it, that .Court could in that proceeding compel the Corporation to execute .the conveyance or direct an officer of .the Court to do so if they .still refused, still it would not follow that the Corporation might not also be compelled by a bill duly filed for that purpose to comply with their agreement. We greatly .doubt that the learned Justice meant to be understood as holding that the Court had" power, regardless of the will of the Corporation and in the absence of any agreement by the Corporation, to order a Sale of its real estate by one of the officers of the Court.
The doubt expressed in The Dutch Church v. Mott, (7 Paige, 84,) whether a ratification after an actual sale and conveyance was equivalent to a consent given before the sale was consummated, does not apply to this case. Here there was no sale nor obligation to sell that was not subordinate in terms to the power of the Supreme Court to withhold its consent, and to the condition that such consent should b"e granted.
We are therefore, of opinion that it; was sufficiently proved that the plaintiffs held a valid agreement, all .the conditions of which were satisfied, by which the defendants were bound to convey the lands to the plaintiffs, and that in that situation the defendants were subject to the general rules of equity applicable to the subject of specific performance, and therefore to the jurisdiction of any Court having general equity powers before whom their appearance could be enforced, and therefore that there is no foundation for the claim that this Court had no jurisdiction to make the judgment or decree which is- appealed from.
Under those circumstances, when the plaintiffs’ case was established, we do not perceive that the Court were at liberty to withhold the decree sought. It is true that the power to order *269 the specific performance of contracts is, in a sense, discretionary. So are very many of the powers which courts of equity possess and exercise. But that discretion is governed, for the most part, by settled rules; and where a plaintiff is seeking a relief to which, by such rules, he is clearly entitled, and no substantial defense to his claim is established, the relief may not be capriciously denied.
We think that, if- the defense set up in the answer was true; if the agreement was executed without the authority of the Corporation ; or if the application to the Supreme Court was without due authority; or if there was any fraud or irregularity which would justify the defendants in refusing to perform the agreement ; the defendants should have proved it. The plaintiffs do not appear, in any respect, in fault; and if, by any possibility, the decree appealed from can operate to the prejudice of the defendants’ rights, it will be owing to their failure to give any proof on the trial of facts or circumstances which should excuse them from performing the agreement.
The judgment appealed from should be affirmed.
Judgment affirmed.