Scott, J.
The first question arising upon the record in this case, is whether the journal entry of confirmation of sale was properly received in evidence, against the objections of the defendants below.
*The entry of confirmation was in due form. The journal-showed that Emory D. Potter, who was at that time the president judge of the court, was present in court on the day of confirmation, but the journal entries of that day’s proceedings were not signed by him, but by J. Wolcott, senior associate judge.
By section 110 of the practice act, in force at the time these proceedings were had, it was provided: “That for preventing errors in entering the judgments, orders, and decrees of-each court, the judges thereof, before every adjournment, shall cause the minutes of their proceedings to be publicly read by their clerk, and corrected where necessary; and the same shall be signed by the president judge then sitting in court, which minutes so signed shall be-entered in a book and carefully preserved among the records; and no proceedings, orders, judgments, or decrees of either of said courts, shall be in force or valid until the same be so read and signed.” Swan’s St. (of 1841) 674.
*533 And in the case of The State, ex rel. Goodin, v. The Judges of Hamilton County, 7 Ohio, 135, it was held that, under the provisions of this section, every operative order of the court must be entered upon the minute-book, and until it is so entered and the minute-book signed by the presiding judge, it can not “ be in •force or valid.”
But the journal in this case does not show that the president judge of the court was present, sitting in court,’when the minutes of the proceedings of the last day of the term, on which the confirmation was ordered, were read and signed. If he was then absent, the journal was properly signed by the senior associate judge, who, in such case, would be the presiding judge of the court. We think the maxim, “ Omnia rite acta presumuntur,” is properly applicable to such a case. We are not to presume a state of facts which would invalidate the journal entries, when a different state •of facts may be reasonably presumed which would make them regular and valid. We think the entry of confirmation was prop■erly received in evidence.
Leveral questions are raised by counsel for plaintiff in error upon the admission in evidence of the record in the *offiee of the recorder of the county, which was introduced by the plaintiff below for the purpose of showing a conveyance of the premises in controversy by the Albany City Bank to Charles Butler, this conveyance being an essential link in the plaintiff’s claim of title. It is claimed, in the first place, that the statute declares, not that the record itself, but only “ copies from the records of deeds, etc., duly certified,” etc., shall be received as evidence. 1 S. & C. 468, sec. 10. We think this ground of objection can not be sustained. It is clear, as well upon principle as upon authority, that whenever authenticated copies of a record are competent evidence, the record itself is equally so. 1 Starkie’s Ev. 151; King v. Kenny, 4 Ohio, 82. The existence of- a record and its contents can not be more satisfactorily established by the secondary evidence of a copy than by the production of the record itself.
But a question of more difficulty is raised by the objection made to the same deed on the ground that it does not appear to have been legally executed by the grantor, the Albany City Bank, the name of the corporation not being signed to the deed, but the name ■of its cashier only. We have no general statute in this state prescribing the mode in which deeds of conveyance are to be executed *534 by corporations. Our statute on this subject, which requires deeds to.be signed and sealed by the grantor or grantors, has relation only to deeds executed by “any man or unmairried woman,” and to deeds executed by “husband and wife.” S. & C. 458, 461. The mode in which, at common law, corporations aggregate execute deeds, is by affixing thereto their corporate seal. 1 Bl. Com. 475 ; 1 Parsons on Contr. 140, 141; 3 Sugden on Tend. 353, bot. paging; Angel & Ames on Corp. Ch. 7; 1 Kyd on Corp. 268; 15 Wend. 258.
In this case the deed throughout purports to be the deed of the corporation, and it concludes thus: “ In witness whereof, the said party of the first part,” [the Albany City Bank] “ have caused their corporate seal to be hereto attached, and these presents to be signed by their cashier, on the day and year first above written.” It is then signed by the cashier as such, and the corporate seal is affixed. It purports *to have been acknowledged by the officer who executed it on behalf of the bank, before a commissioner for the State of Ohio, who certifies that the cashier is known to him to be such, and that said cashier, moreover, made oath before him that he was such cashier, and that the seal affixed thereto was the corporate seal of the Albany City Bank, and was affixed by him to-said deed by order of the said bank.
Whether, in the absence of any express statutory requirement, an acknowledgment is essential to the validity of a deed of conveyance-executed by a corporation, it is not necessary, at present, to determine. It is enough to say, that, if essential, the acknowledgment in this case seems to be regular and perfect, and to be made by the-proper person, through whose agency the corporate seal was attached. And that the deed was well executed by the corporation, at common law, would seem to admit of no doubt. It seems-equally well settled that the seal of a corporation affixed to a deed, is prima fade evidence that it was so affixed by the authority of the corporation; and that it lies with the party objecting to the due execution of the deed to show that it was affixed improperly ox without authority. Lovett v. The Steam Saw-Mill Association, 6 Paige, 54; Angel & Ames on Corp. sec. 224; 1 Kyd on Corp. 268; 6 Serg. & R. 12.
Several cases are cited by counsel for plaintiffs to show that this-deed was not properly executed, but which are unlike the case at bar. Elwell v. Shaw, 16 Mass. 42, was a case in which the convey *535 anee, on its face, purported to be tbe deed of the attorney, and not of his principal. Brindley v. Mann, 2 Cush. 338, and Hatch v. Barr, 1 Ohio, 390, are cases in which conveyances purporting to be made-on behalf of corporations, by officers thereof, under their own seals, and not that of the corporation, were held not to be the deeds of the corporation. The decision in the case of Isham v. The Bennington Iron Co., 19 Vt. 230, rest on the construction given by the court to< the statutes of that state. The judge delivering the opinion concedes that the conveyance under consideration would be valid at common law, and would be good also in New York.
Several statutes of this state confer upon classes .of corporations *the power to acquire and convey lands to a limited extent, and prescribe in what manner their conveyances shall be executed. Thus, the general railroad law of 1848, and that of 1852, direct that conveyances made by railroad companies “ shall be signed by the president, under the seal of the corporation.” S. & C. 273, see. 14; 279, sec. 32. These provisions are not indicative of any policy requiring the deeds of a corporate body to be signed with the name of the corporation.
No question seems to have been made in the court below as to the power of the Albany City Bank, under its charter, to acquire, hold, and convey real estate; and assuming that it had such power, we think its conveyance by deed, under its corporate seal, and signed by its cashier by authority of the corporation, must be held, in this state, to be well executed, there being no statute requiring a different mode of execution.
But while our statute, which prescribes the mode of executing deeds, is in terms limited to conveyances made by natural persons, we think its provisions relative to the recording of all instruments of wrting for the conveyance, etc., of lands, must be held to embrace deeds executed by corporations. Deeds of corporations, unlike those of natural persons, do not admit of personal execution by the grantor, but the public policy which requires registration is the same in both cases. The language of the statute is, that all deeds, etc., “executed agreeably to the foregoing provisions,” shall be recorded, etc. The spirit and substance of the requirement is, that all deeds executed agreeably to law, shall be recorded.
We have carefully examined all the evidence in the case bearing on the issue made by the pleadings, as- to the adverse possession of plaintiffs in error. That evidence is conflicting, and a majority *536 of the court think that, to say the least, it is not such as would justify us in holding that the court below clearly erred in refusing to set aside the verdict, and award a new trial.

Judgment affirmed.

Day, C. J., and White, Welch, and Brinkerhoee, JJ., concurred.