UNION GOLD MINING COMPANY *v.* THE BANK.

CORPORATE SEAL — *presumption of authenticity* — When the corporate seal appears affixed to an instrument, which purports to be the deed of the corporation, and which bears the signature of the president of the company, it will be presumed to have been affixed by proper authority.

The seal itself is *prima facie* evidence that it was affixed by lawful authority of the corporation.

*Vote of directors not required.* The presumption of authority which arises from the presence of the corporate seal affixed to an instrument will not be overcome by showing that no vote of the directors or other body exercising the corporate authority is shown.

PRESUMPTIONS — *of authority to execute appeal bond.* The approval by the district court of an appeal bond, which appears to have been executed by the appellant through an agent, raises a presumption that the authority of the agent was then investigated and satisfactorily shown.

To overcome this presumption upon motion to dismiss the appeal, the appellant must present an affidavit, showing reasonable ground to doubt the agent's authority.

*Appeal from District Court, Jefferson County.*

THIS was a motion to dismiss an appeal for defect of authority to execute the appeal bond. The bond was subscribed in the name of the corporation by one Becker, its president, and the corporate seal, or what appeared to be such, was affixed.

The authority of Becker to use the corporate seal, or execute the bond in the name of the corporation, did not appear, and the motion went upon this ground : no affidavit or other evidence of want of authority was given.

Messrs. H. M. TELLER, GORSLINE & CHARLES, for the motion.

Messrs. BUTLER and G. B. REED, *contra.*

Mr. Justice WELLS dissented.

BELFORD, J. The appeal bond in this case is signed in the name of the Union Gold Mining Company, by Theodore H. Becker, its president, and is attested by the seal of the corporation. The appellee moves to dismiss the appeal, because it is not shown that Becker had authority as president to execute the bond. When the common seal of a corporation appears to be fixed to an instrument, and the signatures of the proper officers are proved or admitted, courts are to presume that the officers did not exceed their authority, and the seal itself is *prima facie* evidence that it was affixed by proper authority ; the contrary must be shown by the objecting party. The presumption of authority to affix the common seal, from the fact that it is affixed to the instrument, will not be overcome by the mere

fact that no vote of the directors authorizing it is shown, since it often appears that large powers are exercised by corporate officers with the tacit approval of the principals of the corporation, although the nature and extent of their authority have never been defined by any direct act of the corporation. Ang. & Ames on Corp., § 124 ; *Lovet* v. *The Steam Saw-mill Association*, 6 Paige, 60 ; *Kochler* v. *Black River Falls Iron Co.*, 2 Black. 716. This presumption, however, is not conclusive. The bond in this case was approved by the judge, and we must presume, in the first instance, that Becker submitted to him the evidence of his authority to execute the same, and to attach to it the corporate seal. The authority to execute the bond cannot be questioned on a mere motion. The existing presumption cannot be disproved by this method. If the appellee seeks to question this authority, it must do so by affidavit, showing that reasonable grounds exist for believing that Becker had no authority to sign for the company or attach the corporate seal. Upon such a showing, the authority to execute such a bond would have to be shown. Nothing of that kind appearing here, the motion to dismiss will be denied.

*Motion denied.*