THE PEOPLE'S BANK, Appellant, v. ST. ANTHONY'S ROMAN CATHOLIC CHURCH, Respondent.

The trustees of a religious corporation, organized under the act of 1813 (Chap. 60, Laws of 1813), as amended in 1863 (Chap. 45, Laws of 1863), have no separate or individual authority to bind the corporation; and this, although a majority or the whole number, acting singly, assent to the particular transaction, only when acting as a board can they make or authorize acts binding on the corporation.

The act of 1863, while it changes as to religious societies of the Roman Catholic Church the mode of selection of trustees, and vests in them the exclusive power of management and control, does not constitute them the corporation. The members of the church and congregation are the corporators and the trustees simply the governing body.

Where certain notes which recited that they were given for a loan by the payee to such a corporation, and on their face purported to be obligations of the corporation, were signed by its president, secretary and treasurer in their official character, held, in the absence of evidence that they were issued in pursuance of any vote, action or resolution of the board of trustees, or that they were given for a corporate debt, or that the corporation received the benefit of the consideration, or that any in fact existed, that these facts could not be presumed, and that the corporation was not liable.

Bank of United States v. Dandridge (12 Wheat. 64, 70); Nelson v. Eaton (26 N. Y. 410) distinguished.

Proof that a promissory note, purporting to be made by a corporation, was signed by its president and secretary, does not show that it is the note of the corporation, without proof that it was made by its authority.

An agency can neither be created nor proved by the acts or declarations of the assumed agent alone.

In an action against a corporation, the presumption that its officers have done their duty does not stand for proof of authority, in a matter outside of their official duties, and where special authority must have been conferred to justify the act.

(Argued April 19, 1888; decided June 5, 1888.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made March 1, 1886, which reversed a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 39 Hun, 498.)

This action was brought against defendant, a religious corporation, upon eight certificates or promissory notes, all similar in form, of one of which the following is a copy:

"St. Anthony's Roman Catholic Church,

"Greenpoint, Brooklyn, E. D., *April* 1, 1876.

"This certifies that St. Anthony's Roman Catholic Church, of the city of Brooklyn, county of Kings, and state of New York, is indebted to Edwin Harlow, or order, $500, duly received from the said Edwin Harlow as a loan, bearing interest at seven per cent per annum, payable semi-annually at the Mechanics and Traders' Bank, Greenpoint, Brooklyn, E. D.

"This certificate is redeemable within two (2) years, or sooner, at the option of the church.

"(Signed.      JOHN LOUGHLIN,
                                    "*President.*

"DANIEL ROSS,
                                    "*Secretary.*

"WILLIAM J. LANE,
"*Treasurer and Pastor of St. Anthony's Church.*"

The material facts are stated in the opinion.

*Edward C. Perkins* for appellant. The defendant had power to issue its negotiable promissory note to raise money for any of the purposes for which it was empowered to use money. (2 R. S. [Banks 7th ed.] 1658; *Curtis* v. *Leavitt,* 15 N. Y. 1; *Barry* v. *Mer. Ex. Co.,* 1 Sandf. Ch. 289; *Moss* v. *Averill,* 10 N. Y. 449, 456; *Kent* v. *Quicksilver Mining Co.,* 78 id. 159; *Le Grand* v. *Manhattan, Assn,* 80 id. 638; Field on Corporations, 306; Angell & Ames on Corporations, § 257; *Episcopal Charitable Society* v. *Episco-*

*pal Church in Dedham,* 1 Pick. 270 ; *Hayward* v. *Pilgrim Society,* 21 id. 270 ; *Mayor* v. *Ray,* 19 Wall. 468–475 ; *Claiborne County* v. *Brooks,* 111 U. S. 400–407 ; *Police Jury* v. *Britton,* 15 Wall. 566.) Proof that the instruments in question were signed by the executive officers of the corporation, being also a majority of the corporators, was *prima facie* evidence that the notes were executed by the authority of the corporation itself, and sufficient, at least, to cast the burden of proof upon the defendant. (*Trustees* v. *McKechnie,* 90 N. Y. 618 ; *Lovett* v. *Steam Saw Mill Assn.,* 6 Paige, 60 ; *Flint* v. *Clinton County,* 12 N. H. 430 ; *Whitney* v. *Union Trust Co.,* 65 N. Y. 576 ; *Koehler* v. *Black River Co.,* 2 Black. 715 ; Angell & Ames on Corporations, 224 ; *Bowen* v. *Irish Presbyterian Church,* 6 Bosw. 263 ; *Bank of U. S.* v. *Danbridge,* 12 Wheat. 70 ; *Mott* v. *Hicks,* 1 Cowen, 513 ; *Conn. Mut. Ins. Co.* v. *C. C. C. & I. R. R. Co.,* 41 Barb. 21 ; *Olcott* v. *Tioga R. R. Co.,* 27 N. Y. 545 ; *American Ins. Co.* v. *Oakley,* 4 Paige, 496–501.) *Mumford* v. *Hawkins,* 4 Denio, 355.) The officers signing the instruments in suit being those whose duty it was to execute such instruments when their issue was authorized by the corporation, the paper on its face was regular, and a presumption arises in favor of a *bona fide* holder for value, that all the prerequisites to its validity have been performed. (*Kent* v. *Quicksilver Mining Co.,* 78 N. Y. 183 ; *Royal British Bank* v. *Turquand,* 6 El. & Bl. 627 ; *Bissel* v. *M. S. & N. I. R. Co.,* 22 N. Y. 291 ; *Colonial Bank* v. *Williams,* L. R., 5 P. C. 417, 446 ; *Agar* v. *Fire Ass. Society,* 3 C. B. N. S. 724, 751 ; *Nicols* v. *Mase,* 96 N. Y. 160 ; *Galveston Railroad* v. *Cowdrey,* 11 Wall. 459, 476 ; *Brooklyn* v. *Ins. Co.,* 99 U. S. 362 ; *Weyanwega* v. *Ayling,* id. 112 ; *Mercer Co.* v. *Hackett,* 1 Wall. 83 ; *Supervisors* v. *Schenck,* 5 id. 772 ; *Woods* v. *Lawrence Co.,* 1 Black, 386 ; *Comrs. of Knox Co.* v. *Aspinwall,* 21 How. 539 ; *Bank of Batavia* v. *N. Y., L. E. & W. R. R. Co.,* 106 N. Y. 195.) It may be true that it is not within the power of one or all of the officers of a corporation of their

own motion to issue its promissory note, but they are its agents for doing this and other executive acts when the corporation has resolved that they shall be done, and whether that resolution has been arrived at is one of those extrinsic facts which, when the agent has acted, the law will presume, and those dealing with the corporation may assume to exist. (*North River Bank* v. *Aymar*, 3 Hill, 262; *Farmers & Mechanics' Bank* v. *Butchers & Drovers' Bank*, 16 N. Y. 125; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 id. 30; *Griswold* v. *Haven*, 25 id. 595.) The language of the instruments in suit is equivalent to a solemn representation made in their official character by the persons signing them, that the notes were duly issued and as it was made by the officers and a majority of the corporators, the corporation would be estopped from denying it, *a fortiori* the courts will assume it to be true. (*F. & M. Bank* v. *B. & D. Bank*, 16 N. Y. 125; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 id. 30; *Hoag* v. *Lamont*, 60 id. 96, 101; *Pierson* v. *Atlantic Bank*, 77 id. 304.) The defendant having obtained the benefit of the issuing of the notes, cannot question its liability. (*Booth* v. *F. M. Bank*, 50 N. Y. 401; *Sharp* v. *Mayor, etc.*, 40 Barb. 256; *Griswold* v. *Haven*, 25 N. Y. 595, 608; *Parish* v. *Wheeler*, 22 id. 494; *Bissell* v. *M. S. & N. I. R. R. Co.*, id. 258; *Whitney Arms Co.* v. *Barlow*, 63 id. 62; *Webb* v. *Commissioners*, 5 L. R. [Q. B.] 642; *Hurd* v. *Green*, 17 Hun, 327; *Monument Bank* v. *Globe Works*, 101 Mass. 57; *Arnot* v. *Erie R. R. Co.*, 5 Hun, 608; *S. C.*, 67 N. Y. 315; *Ellsworth* v. *St. L., etc. R. R. Co.*, 98 id. 553; *Ellis* v. *Howe Machine Co.*, 9 Daly, 78; *Gold Mining Co.* v. *National Bank*, 96 U. S. 640; *Woodruff* v. *Erie Railway Co.*, 93 N. Y. 609.) The plaintiff is presumptively a *bona fide* holder for value without notice, and until a defense was established which would have been valid against a holder who had notice, or who had not parted with value, there was no need to prove parting with value or absence of notice. (*First Nat. Bank* v. *Green*, 43 N. Y. 298; *Valett* v. *Parker*, 6 Wend. 615, 619; *Case* v. *Mechanics' Banking Assn.*, 4 N. Y. 166; *County of*

*Macon* v. *Shores*, 97 U. S. 272; *Lincoln* v. *Iron Co.*, 103 id. 412, 416; *Bedell* v. *Carll*, 33 N. Y. 581; *Seybel* v. *Nat. Bank*, 54 id. 288: *Murray* v. *Lardner*, 2 Wall. 110.)

*Roger A. Pryor* for respondent. The congregation is the corporate body (*Robertson* v. *Bullions*, 11 N. Y. 243), and a corporation aggregate can bind itself only by a majority vote in formal meeting. (1 Waterman on Corporations, §§ 59, 67, 70; 1 Morawetz on Corporations, § 338.) If, upon a literal construction of the statute (§ 3, act 1813 [3 Edm. Stat.], 689), the trustees be deemed the corporate body, they can make no contract binding upon the corporation, except by formal action as a board. The several and separate action of all the trustees is nugatory to effect the corporation. (1 Waterman on Corporations, § 70; *D'Arcy* v. *R. R. Co.*, L. R. 2 Ex. 158; *Dispatch Line* v. *Bellany*, 37 Am. Dec. 210; *First Nat. Bank* v. *Drake*, 35 Kan. 564; *Cammeyer* v. *The Church*, 2 Sandf. Ch. 188; *Moore* v. *St. Thomas*, 4 Abb. N. C. 51; *Constant* v. *Rector*, 4 Daly, 305; *Hart* v. *Trustees*, 17 J. & S. 523; *Gordon* v. *Preston*, 26 Am. Dec. 75; *Stowe* v. *Wyse*, 18 id. 99, 102, note; 1 Morawetz on Corp. § 531; *People* v. *Rector*, 48 Barb. 603.) When the mode in which the powers of a corporation may be exercised is specially restricted, the officers or agents may not bind the corporation in any other manner. (*Brady* v. *Mayor, etc.*, 16 How. 443; *Farmers' L. & T. Co.* v. *Carroll*, 5 Barb. 649; *Conro* v. *Port Henry*, 12 Barb. 27, 63; *McCullough* v. *Moss*, 5 Denio, 567; *Presbyterian* v. *Allen*, 22 Ind. Sup. Ct. Rep. 463; *Head* v. *Providence Ins. Co.*, 2 Cranch, 169; *Landers* v. *Methodist Church*, 97 N. Y. 119, 124; *Donovan* v. *Mayor*, 33 id. 293; *Alexander* v. *Cauldwell*, 83 id. 480; *Zottman* v. *San Francisco*, 20 Cal. 96; 81 Am. Dec. 107, note; 1 Waterman on Corp. § 163.) The case does not exhibit a liability of defendant upon the contract of its agent. (Broom's Com. on Com. Law, 526, 527; *McCullough* v. *Moss*, 5 Denio, 567; *Cattron* v. *Society*, 46 Iowa, 107; *Bank* v. *Coal Co.*, 1 Bosw. 436; *Knight* v. *Lang*, 4 E. D. Smith, 381; *First Nat. Bank*

v. *Ocean Nat. Bank*, 60 N. Y. 278; *Constant* v. *Rector*, 4 Daly, 308; *Hart* v. *Trustees*, 17 J. & S. 523; *Dabney* v. *Stevens*, 40 How. 341; *Adriance* v. *Roome*, 52 Barb. 399; *Bank* v. *Clements*, 3 Bosw. 600; *Anthony* v. *County*, 101 U. S. 698; *Louisville R. R. Co.* v. *McVay*, 98 Ind. 391; 49 Am. Rep. 775; *Mead* v. *Keeler*, 24 Barb. 20; Morawetz on Corp. § 340; Waterman on Corp. § 104; *Van Buren* v. *Church*, 62 Barb. 496; *Savings Soc.* v. *Savings Bank*, 36 Pa. St. 498; *Starin* v. *Town*, 23 N. Y. 440; *Baldwin* v. *Canfield*, 26 Minn. 43.) The case exhibits no evidence of the authority of the officers signing the contract so to bind the corporation. (2 Morawetz on Corporations, § 747; Act 1813, §§ 4, 5; *Adriance* v. *Roome*, 52 Barb. 399; *Olcott* v. *Tioga R. R. Co.*, 27 N. Y. 557; *Hoyt* v. *Thompson*, 5 id. 320; *Hart* v. *Trustees*, 17 J. & S. 523; *McCullough* v. *Moss*, 5 Denio, 573; *Niagara* v. *Bachman*, 66 N. Y. 262; *Packard* v. *Universalist*, 10 Metc. [Mass.] 432; *Constant* v *Rector*, 4 Daly, 306; *Bank* v. *Clements*, 3 Bosw. 600; *Savings Bank* v. *Nat. Bank*, 33 Alb. Law Jour. 19.) Neither is their evidence of the ratification of the contract by the defendant. (2 Morawetz on Corporations, § 581; 2 Waterman on Corporations, § 209; *Zottman* v. *San Francisco*, 20 Cal. 96; *Dispatch Line* v. *Bellamy*, 12 N. H. 205; *Spoffard* v. *Hobbs*, 29 Maine, 148; *Brady* v. *Mayor, etc.*, 16 How 447; *Salomon* v. *Congregation*, 49 id. 263; *Niagara* v. *Bachman*, 66 N. Y. 262; *White* v. *Miller*, 71 id. 118; 1 Greenl. on Evidence, §§ 113, 114; *Marvin* v. *Wilber*, 52 N. Y. 270; *Scott* v. *Stevenson*, 3 Hun, 352; *Howard* v. *Norton*, 65 Barb. 161; *Town* v. *Teutonia*, 75 N. Y. 397, 407; *Royal British Bank* v. *Turquand*, 6 El. & Bl. 332; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 30; *Parker* v. *Bd. of Suprs.*, 106 id. 420; *Lawrence* v. *Gebhard*, 41 Barb. 579; *U. S.* v. *Ross*, 92 U. S. 281; *Cattron* v. *Universalist Society*, 46 Iowa, 106; *Packard* v. *Universalist Society*, 10 Metc. [Mass.] 427; *St. Patrick's* v. *Gavalon*, 82 Ill. 170; *Hart* v. *Trustees*, 17 J. & S. 523; *Hayward* v. *Pilgrim Soc.*, 21 Pick. 274.) Upon the concession that the trustees wield all the powers of

the corporation, and assuming, for argument, that here the board of trustees duly delegated whatever authority they had to the makers of the notes in suit, the instruments are void because under the law of New York a religious corporation has no power to borrow money for an indefinite purpose and upon the securities of negotiable paper. (Act of 1813, § 4; 3 Edmond's Stat. 690; act of 1863, § 2, chap. 45; *Scoville* v. *Thayer*, 105 U. S. 148; *Thomas* v. *Company*, 101 id. 71; *Riley* v. *City*, 9 N. Y. 71; *Dartmouth* v. *Woodward*, 4 Wheat. 636; *Bacon* v. *Ins. Co.*, 31 Miss. 116; 1 Edmond's Stat. 557, § 3; *Parker* v. *Supers.*, 106 N. Y. 410; Laws of 1875, chap. 443; Id. chap. 79; *Robertson* v. *Bullions*, 11 N.Y. 243; *Knicken* v. *Churches*, 1 Sandf. Ch. 439; *Baptist Church* v. *Baptist Church*, 46 N. Y. 131; *Kimbro* v. *Bullitt*, 22 How. [U. S.] 256; Chitty on Bills [13 Am. ed.] 45, 48; Daniels on Negotiable Instruments, § 358 a; *Penn* v. *Cole*, 53 Conn. 55; *Broughton* v. *Manchester*, 3 Barn. & Ald. 1; *Dickinson* v. *Valpy*, 10 Barn. & Cress. 128; 1 Waterman on Corp. § 104; *Claiborne* v. *Brooks*, 111 U. S. 401; *Mayor, etc.*, v. *Ray*, 19 Wall. 469; *Police* v. *Britton*, 15 id. 566; *Halsted* v. *Mayor, etc.*, 5 Barb. 218; *Harriman* v. *Baptist Church*, 63 Ga. 186, 195; *Constant* v. *Rector*, 4 Daly, 305; *Ketchum* v. *City of Buffalo*, 14 N. Y. 356, 365, 366; *In re German Mining Co.*, 4 De G., M. & G., 19 41; *Troup's Case*, 29 Beavan, 353, 356; Morawetz on Corp. § 342; 2 id., § 606; *Miller* v. *Church*, 4 Phill. 48; *Landers* v. *Methodist Church*, 97 N. Y. 124; *People* v. *Hulburt*, 46 id. 117; *Episcopal Society* v. *Episcopal Church*, 1 Pick. 372; *Hayward* v. *Pilgrim Society*, 21 id. 270.) The instruments in suit being *ultra vires* are void, even in the hands of a *bona fide* holder for value. (*Cagwin* v. *Hancock*, 84 N. Y. 532, 542; *Scoville* v. *Thayer*, 105 U. S. 143; *Moore v. Henshey*, 9 Norris, 196; *Aurora* v. *West*, 22 Ind. 89; *McPherson* v. *Foster*, 43 Iowa, 48; *Anthony* v. *County*, 101 U. S. 699; *Halsted* v. *Mayor, etc.*, 5 Barb. 218; Green's Brice [2d ed.] 715, 716.) In this action plaintiff cannot recover for money lent. (*N. Y. State, etc.*, v. *Helmer*, 77 N. Y. 64; *Kelsey* v. *Weston*, 2 id. 501, 506;

*Rome, etc.,* v. *Ins. Co.,* 20 Barb. 468, 472; *Pearce* v. *R. R. Co.,* 21 How. [U. S.] 441; *Pardee* v. *Fish,* 60 N. Y. 265; *White* v. *Miller,* 71 id. 118.)

ANDREWS, J. The answer put in issue the allegation in the complaint that the notes sued upon were made by the corporation defendant. It became necessary, therefore, for the plaintiff, in the first instance, to show or to give evidence which legitimately raised a presumption that the notes were the corporate obligations of the defendant. Neither party entered into any investigation of the question whether the execution of the notes was in fact authorized by the corporation. The fact that the defendant was a body corporate was admitted in the pleadings, and it was shown that it was organized under the act for the incorporation of religious societies, passed April 5, 1813, and the amendatory act chapter 45 of the Laws of 1863. The plaintiff further proved that the notes were signed by the persons whose names are affixed thereto, and that they were, respectively, the president, secretary and treasurer of the defendant, and constituted three of the five members composing its board of trustees. The plaintiff also proved title to the notes by transfer from the administrators of the payee, in consideration of an indebtedness of the estate of the decedent to the plaintiff. The notes were offered and received in evidence, and upon the admissions and proofs thus made the plaintiff rested its case. The defendant on its part proved, upon cross-examination of the witnesses for the plaintiff, the single additional fact that the notes were signed by the officers of the defendant, acting separately, and not at the same time or place, or while assembled as a board of trustees.

The defendant, for one of its defenses, asserts the incapacity of a religious corporation, organized under the act of 1813, to borrow money and issue negotiable paper therefor, even although the money may have been borrowed for a corporate purpose, and one for which the corporation might lawfully create a debt, binding its property and assets, and enforceable

in the ordinary course of judicial proceedings.  The distinc-
tion made is between a debt created directly for a legitimate
corporate purpose, as for the purchase of property, the build-
ing of a church, salary of minister, etc., and a loaning of
money to be applied to the same purpose.   We need not enter
upon the inquiry so pressed upon our attention, or consider
whether the range of incidental powers which appertain to
ordinary corporations, giving them a choice of means among
those usual and appropriate for carrying out the express
powers granted, is so greatly restricted in case of religious
corporations, as the argument made suggests.   We think the
case is with the defendant on a much plainer ground, and that
is, that the plaintiff failed to establish or to give evidence which
raised a presumption that the notes in question were the
authorized obligations of the defendant.

The act of 1863, amendatory of the act of 1813, prescribes
a different method for the organization of religious societies
of the Roman Catholic church from that provided in the case
of other religious societies.   In the case of Roman Catholic
churches the first section of the act of 1863 provides that the
Roman Catholic bishop or archbishop, the vicar-general and
the pastor of a church, together with two other persons to be
selected by them, may make and file a certificate of incorpora-
tion and therein designate the title of the church; and declares
that the persons signing the certificate, and their successors,
shall be a body corporate by the name designated therein.
The trustees are a self-perpetuating body, and the mem-
bers of the church or congregation have no voice in their
selection, differing in that respect from the general plan
provided in the original act of 1813.   It was decided in
*Robertson* v. *Bullions* (11 N. Y. 243), that the members
of the church and congregation of a religious society
organized under the act of 1813 were the corporators,
and that the trustees were simply the governing body of the
corporation.   The act of 1863 while it changes as to Roman
Catholic churches the mode of the selection of trustees and
vests in them the exclusive power of management and control,

does not constitute the trustees the corporation in place of the congregation. Substantially the same language found in the act of 1863, viz., that the trustees named in the certificate shall be a corporation, is found in the act of 1813, and was relied upon by counsel in *Robertson* v. *Bullions* as indicating that the trustees, and not the congregation, were the constituent body. There is still less ground for this contention in respect to Roman Catholic churches organized under the act of 1863, in view of the explicit provision in the first section not found in the act of 1813, that upon making and filing the certificate prescribed " such church or congregation shall be a body corporate by the name and title expressed in such certificate, and said persons signing the same shall be trustees thereof."

It is elementary that the powers vested in a corporation aggregate, having a board of trustees, reside, for all purposes of practical administration, in the board as the governing body. The corporation being a legal entity merely, can only act through instrumentalities and by delegation. The statute creating it may prescribe its mode of action, and when the methods and agencies by which it may act are designated, that designation operates as a limitation and excludes other modes of action. (*Landers* v. *Methodist Church*, 97 N. Y. 119.) The general powers of religious corporations are enumerated in the fourth section of the act of 1813. They are in form conferred upon the trustees. The section authorizes and empowers the " trustees " to exercise the powers specified, and by the closing paragraph empowers them to regulate and order " all other matters and things relating to the temporal concerns and revenues of such church." The trustees of the defendant were, therefore, the only legal representatives of the corporation in exercising its corporate franchises and powers. Whatever powers were conferred on the corporation may be exercised in its behalf by the trustees. They, acting as a board, can make or authorize acts binding on the corporation, and they alone. Their sanction or authority is essential to a valid corporate act. The qualification that

the collective authority of the trustees acting as a board, is essential in order to bind the corporation by the action of its trustees, is a recognized doctrine of the law of corporations. The trustees of a corporation have no separate or individual authority to bind the corporation, and this although the majority or the whole number, acting singly and not collectively as a board, should assent to the particular transaction. (*Cammeyer* v. *The Churches*, 2 Sand. Ch. 186; *D'Arcy* v. *Tamar, etc., R. W. Co.*, L. R., 2 Ex. 158; *Constant* v. *Rector, etc.*, 4 Daly, 305; 1 Waterman on Corporations, § 70; 1 Morawetz on Corporations, § 531.) This principle is recognized by statute and expressly applied to the action of trustees of religious corporations by the act of 1813, which declares that "a majority of the trustees, being lawfully convened, shall be competent to do and perform all matters and things which such trustees are authorized or required to do or perform, and all questions arising at such meetings shall be determined by a majority of the trustees present, and in case of an equal division the presiding trustee shall have a casting vote. (Act of 1813, § 5; act of 1863, § 2.) But the plaintiff asserts that the facts proved raised a presumption that the notes were executed pursuant to the authority of the board of trustees. The notes on their face purport to be obligations of the corporation. They recite that they were given for loans made by the payee to the corporation, and they are signed by its president, secretary and treasurer in their official character. It was not shown, as matter of fact, that they were issued in pursuance of any vote, action or resolution of the board of trustees, or that they were given for a corporate debt, or that the corporation received the benefit of the consideration, or, indeed, that any consideration existed. These material facts, it is insisted, are presumptively established by the instruments themselves, and the proof that they were executed by the executive officers of the defendant.

In an action against a corporation, where the act or contract, which is the foundation of the suit, is shown to be a corporate

act which the corporation had power to perform, but upon certain conditions, the doctrine of presumption is sometimes applied in favor of the plaintiff. This doctrine is stated by Story, J., in his opinion in the case of *Bank of the United States* v. *Dandridge* (12 Wheat. 64, 70), in language which has been frequently quoted as follows : " Acts which presuppose the existence of other acts, to make them legally operative, are presumptive evidence of the latter." The same principle was asserted in *Nelson* v. *Eaton* (26 N. Y. 410), in answer to the claim that the notes sued upon in that case, to which the plaintiff claimed title through a bank, had been transferred by a banking corporation to the plaintiff, without authority of a resolution of the board of directors, as required by statute. It appeared by the complaint, and was admitted by the demurrer, that the notes sued upon were duly indorsed by the corporation by an authorized officer. The court said that it " would not presume that the transfer had been made in violation of the statute."

In the cases referred to a corporate act was proved and a presumption was indulged in favor of its regularity. In the present case there is no proof of a corporate act, except by the declaration of the officers of the defendant on the face of the instruments, and there is no proof whatever that they were authorized either to make the notes or to make any representations binding upon the defendant. They assumed to act as agents, but the only proof of their agency to make the notes is their own declaration, and it is familiar doctrine that an agency can neither be created nor proved by the acts or declarations of the assumed agent alone. (*Marvin* v. *Wilber*, 52 N. Y. 270.) It is true that the persons who signed the notes were officers of the defendant, and that they constituted a majority of the trustees of the defendant. But proof that a promissory note, purporting to be made by a corporation, was signed by its president and secretary does not show that it is the note of the corporation, without proof that it was made by its authority. (*McCullough* v. *Moss*, 5 Den. 567 ; *Niagara* v. *Bachman*, 66 N. Y. 262 ; *Bank* v. *Clements*, 3 Bosw. 600.)

In *Packard* v. *Universalist Society* (10 Met. 427) the court, referring to this subject and speaking of the treasurer of a religious corporation, said : "There is nothing in the nature of the business to be done, or the duties which devolve upon the treasurer of such a corporation, that can require or justify the giving of negotiable instruments binding the society without being authorized by a special vote to that effect." The official name of an officer of a corporation may be descriptive of his authority and authorize him, as to third persons, to bind the corporation in respect to matters which, according to usage and the common understanding, are within the authority of such an officer, although in the particular case such authority has been withheld. The case of a cashier or teller of a bank is an illustration. (Story on Agency, § 114.) But it is not the common usage or understanding that the president, secretary and treasurer of a religious corporation possess power, by virtue of their offices, to borrow money for or issue notes of the corporation. They may be the agents usually designated to issue such obligations when their issuance is determined upon by the trustees. But they are special and not general agents of the corporation, and can only act in such a transaction by virtue of a special authority, and their authority must be shown by those claiming to bind the corporation upon obligations issued by them. The fact that the three persons who signed the notes, being a majority of the trustees, might, acting as a board, have authorized the issuing of the notes, does not show or tend to show that this had been done. The other circumstances shown rather tend to repel the inference of authority by resolution of the board of trustees. The notes do not purport to have been executed by the signers acting as a board, and it is shown that, in fact, they acted separately in signing them. It does not follow that their joint action in a meeting with their associates, as a board, would be the same as their separate action outside of the board. The presumption that officers have done their duty does not stand for proof of authority in an action against the principal in a matter outside of their official duties and

where special authority must have been conferred to justify the act. (See *U. S.* v. *Ross*, 92 U. S. 281.) There is an ancient rule of the common law, founded on technical reasons, that a contract under the seal of a corporation, attested by the signature of its executive officers, is *prima facie*, at least, the contract of the corporation. (*Lovett* v. *Steam Saw-Mill Assn.*, 6 Pai. 54; *Bowen* v. *Irish Presbyterian Congregation*, 6 Bosw. 245, 263; *Trustees, etc.* v. *McKechnie*, 90 N. Y. 618.) The seal of a corporation was its signature. The fact that it was affixed to an instrument purporting to be the deed of a corporation was evidence that its custody had been committed to the persons signing it. It was regarded as a transaction of such solemn import that the corporation was deemed to be present at the doing of the very act which the seal authenticated. Now that it is no longer necessary for a corporation to contract under seal, it does not follow that the same presumption should attend an unsealed contract, purporting to have been made by the officers of a corporation. Such a presumption has never been indulged, so far as we have been able to find, to sustain an allegation that an unsealed contract, executed by officers of a corporation in its name, was a corporate obligation, unless authority was implied from the nature of the office, or from previous similar dealings recognized by the corporation, or a ratification was shown. When an agency is once lawfully constituted, the agent may, in some cases, bind the principal by a false representation that a particular transaction of the same general nature with that authorized is within the power conferred, when, in fact, it has never been authorized and was a fraud upon the power. The case of *North River Bank* v. *Aymar* (3 Hill, 262), the principle of which has been reaffirmed in subsequent cases, is an illustration. These cases have no application. The very fact to be proved by the plaintiff, and without proving which he could not advance a step, was whether an agency to make notes had been constituted at all. This could not be proved by the declarations of the assumed agent or by his

representations.   No original authority to make the notes was shown, nor any adoption or ratification of the instruments by the corporation.   The plaintiff failed on the vital issue of authority.   The case of *Royal British Bank* v. *Turquand* (6 El. & Bl. 327) is not, we think, in point.

For the reasons stated, we are of opinion that the order of the General Term should be affirmed.

All concur, except EARL, J., not voting, and GRAY, J., not sitting.

Order affirmed.