### COLUMBIA BANK *v.* GOSPEL TABERNACLE CHURCH.

(*Superior Court of New York City, General Term.*   June 28, 1889.)

CORPORATIONS—OFFICERS—INDORSEMENT OF NOTE.

    S., as treasurer of the defendant church, opened an account with plaintiff with the knowledge of one of the trustees of defendant, but without its authority or direction, and deposits were made and checks drawn to pay the debts of defendant.   Two notes of third parties, one payable to and indorsed by the pastor (a trustee) of defendant, were discounted by plaintiff at request of S., as treasurer, and the proceeds credited to defendant, and were used for its benefit.   Plaintiff discounted another note, payable to the order of S., which S. indorsed, "S., as treasurer," and the proceeds were credited to S., as treasurer.   *Held,* that S. was not authorized to indorse the note so as to render defendant liable.

Appeal from judgment on report of referee.

Action by the Columbia Bank against the Gospel Tabernacle Church upon a promissory note.   From a judgment entered on report of referee, plaintiff appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.

*George H. Adams,* for appellant.   *Edward S. Clinch,* for respondent.

SEDGWICK, C. J.   The complaint averred that the plaintiff was a corporation of this state engaged in the business of banking; that the defendant was a religious corporation of this state; that between May 1, 1885, and about the month of March, 1887, the defendant was a depositor with the plaintiff, and, as such, kept an account with plaintiff in which deposits of defendant were entered, and credits given for the proceeds of the discounting of drafts procured from plaintiff by defendant, and against which checks were drawn; that the business was so done; that on or about March 31, 1887, the defendant had drawn or been paid by plaintiff the sum $3,428.85, over and above all deposits made by or moneys received from defendant, and on said day last mentioned there was, by reason of the premises, due and owing the plaintiff by the defendant the said sum of $3,428.25; that on or about November 1, 1886, the plaintiff received from defendant a certain promissory note, dated November 1, 1886, made by the Tribune & Farmer's Co., Limited, to the order of E. Duncan Sniffen, for the sum of $3,500, at four months from its date; that said note, when so received by plaintiff, was duly indorsed by the said payee thereof and by defendant, and was received by plaintiff as collateral security for credits, loans, and advances, or some of them, made as aforesaid to defendant; that plaintiff held such note until its maturity, when it was duly presented for payment, and payment demanded, but no part of the same was paid,—of all of which defendant was duly notified.   The answer put in issue the material allegations of the complaint.

The testimony showed that E. Duncan Sniffen was, at the times in question, the treasurer of the trustees of the defendant.   The defendant was a religious corporation.   Sniffen, as treasurer, was intrusted and entitled to the custody of the moneys and funds of the defendant.   In May, 1885, he re-

quested plaintiff to be allowed to open a deposit account as such treasurer, and he then represented that he was such treasurer, "and that the account was and would be that of defendant." At this time another trustee of defendant was present. Thenceforward deposits were made and checks drawn° in the usual manner. The most of the checks were to persons to whom the defendant was indebted for rent, for music, printing, repairs, heating and lighting the church building, pastor's salary, and the purchase price of the church land and building. Six of these persons were acting trustees of the defendant. While the account was running two notes of third parties, one of them payable to and indorsed by the pastor of the church, and who was a trustee, were discounted by the bank at the request of E. Duncan Sniffen, as treasurer, and the proceeds credited to the defendant. The referee found that these notes were made for the benefit of the defendant, and that their proceeds went to its use and benefit. They were paid at maturity. About November 1, 1886, Sniffen presented for discount the note mentioned in the complaint. The plaintiff discounted it, and Sniffen indorsed it as treasurer, and thereupon the proceeds were credited to the account of E. Duncan Sniffen, treasurer. Before this note fell due the account had been drawn upon, so that there was a remaining credit of $128.34.

I here observe, upon these facts, that the so-called "discount" was a purchase of the note by the bank from E. Sniffen, treasurer, and that the purchase price became absolutely and unconditionally the money of the seller, and that no cause of action can be founded upon the drawing out of the money or its appropriation by the seller; so that, if it be assumed that the defendant was the real and principal party, yet its obligation would be solely upon its being an indorser of the note. The action was not, and on the trial was not assumed to be, against the defendant as indorser. Afterwards a small check on the account was paid, leaving a balance of $51.51. Before this Sniffen had ceased to be treasurer, and David Crear, a trustee, became treasurer. He drew a check as treasurer for the balance which was paid by the plaintiff. Afterwards the note of $3,500 at its maturity was presented for payment, but remains unpaid. The plaintiff produced the note before the referee, and offered to deliver it to the defendant, upon payment by the defendant of the present claim. I have said that in my opinion the only action the plaintiff could have would be upon the indorsement. If the note was sold, without the indorsement of the seller, the buyer would have no recourse to the seller in a case like the present. The learned counsel for the plaintiff argues that there is liability because the account in the name of E. Duncan Sniffen was, as he argues, the account of the defendant. I do not think the position to be correct. Sniffen was treasurer, and entitled to custody of the defendant's funds, and entitled for his and its protection to deposit those funds in a bank. He had the right, with which it could not interfere, to identify those funds by any title he might assume which was appropriate. If the title "treasurer" had a specific indication, it was that he acted, not as the corporation who appointed him, but as an individual who was an officer. But of this designation of the account there was no proof that it was made by the corporate knowledge or direction of the defendant. There was no prior authority, and ratification, to exist, must be made by the same being who had capacity to give prior authority. If one or several trustees or officers of a corporation cannot, without corporate authority, do an act or bestow authority to act for the corporation so that the corporation will be bound, (*Bank* v. *Church*, 109 N. Y. 512, 17 N. E. Rep. 408,) they cannot as individuals ratify an unauthorized act. Nor does the fact that the creditors of the defendant were paid by checks of Sniffen as treasurer, upon this account, make it the account of the defendant. The inference from such transaction would be that the defendant assented to Sniffen's paying out of his account money for defendant, because it was his duty to pay out money on the request of the defendant to the extent

that money of the defendant had been deposited in the bank to that account, and though equitably, to the extent of such moneys, the deposit might be made a fund belonging to the defendant, that did not destroy the legal relations between the bank and the depositors, so long as the equitable right was not asserted.   This equitable right would not allow the defendant to draw checks upon the account which the plaintiff would be bound to pay.   I am of opinion that the judgment should be affirmed, with costs.   All concur.