FILON *et al. v.* MILLER BREWING Co. *et al.*

(*Supreme Court, General Term, Fifth Department.* June, 1891.)

1. CORPORATIONS—BOARD OF DIRECTORS—ACTS OF INDIVIDUAL MEMBERS.
    Special authority to act for a corporation can be conferred by the board of directors only in its collective capacity, when convened as such board, and not by the assent of individual members.
2. SAME—SURETY FOR ANOTHER—ULTRA VIRES.
    A brewing company cannot become surety for the payment of the rent of an hotel by the lessee thereof, though the lessee agrees to buy his beer from the company if it would guaranty the lease; such act not being within the scope of the business for which the brewing company was organized.

Exceptions from circuit court, Monroe county.

Action by Michael Filon and others against the Miller Brewing Company and another. Plaintiffs moves for a new trial on a case and exceptions ordered heard in the first instance at general term, after verdict for defendants directed by the court.

Argued before DWIGHT, P. J., and MACOMBER, J.

*C. C. Davy*, for plaintiffs. *D. Hays*, for defendant Miller Brewing Co.

DWIGHT, P. J. The action was on a lease alleged to have been executed by the defendant corporation, as lessee, with one John F. Harris, who was impleaded as defendant, but suffered default. The plaintiffs were the owners of the property described in the lease, which was a restaurant and summer hotel on Irondequoit Bay. The defendant the Miller Brewing Company was a corporation organized under the general manufacturing companies' act, for the purpose of the manufacture and sale of beer and malt. The defendant Harris applied to the plaintiffs to rent the premises above described. They refused to lease to him without security, and he procured the secretary of the defendant first to sign a guaranty, and afterwards—upon the plaintiff's refusal to accept that security—to execute a lease with him in the name of the corporation. The signing being without the corporate seal, no presumption of authority in the secretary existed in favor of the plaintiffs. (*People's Bank v. St. Anthony's Church*, 109 N. Y. 512, 17 N. E. Rep. 408,) and no evidence was given tending to show any general authority in that officer to execute any contract in behalf of the defendant; on the contrary, it was shown that the duties of the secretary, as prescribed by the by-laws, excluded any such authority. There was an attempt to show special authority in this case, by evidence to the effect that the secretary saw several of the trustees of the company, (a majority, including himself,) and obtained their individual consent to his executing a guaranty of Harris' lease. But this evidently constituted no authority to execute the lease itself, even if it had been sufficient to authorize him to sign the guaranty. But it was not sufficient for the latter purpose. In the first place, such an authority could be created only by the action of the board of trustees, and such action could be taken only by the board in its collective capacity, when convened as such, and not by the assent of individual members, (*People's Bank v. St. Anthony's Church*, 109 N. Y. 521, 522, 17 N. E. Rep. 410, 411;) and, in the second place, the board of trustees could not have conferred such authority upon its secretary, because it had not the authority in itself as a board. It was *ultra vires.* The contract, as executed by the secretary, was that of an accommodation surety for Harris' rent. It was not within the scope of the business for which the defendant was organized, and the plaintiffs were chargeable with knowledge of the limitation of the defendant's powers. *National Park Bank v. German-American Mut. W. & S. Co.*, 116 N. Y. 281, 22 N. E. Rep, 567; *Jemison v. Bank*, 122 N. Y. 135, 25 N. E. Rep. 264. The fact, which the testimony of Harris tended to show, that he agreed with the secretary to buy his beer of the company if it would guaranty his lease, was not material. Such a con-

siteration did not bring the contract within the scope of the corporate powers. The defendant was not to derive any benefit from the lease; it was to have no use or occupation of the premises demised; and the fact that it was to have in the tenant a customer for its beer gave to it no more interest in the lease than if it was to receive a money consideration for becoming surety for his rent. Whether an act is within corporate powers depends upon the character of the act itself, and not upon the consideration for which it is performed. There were abundant reasons, upon all or either of the grounds referred to, why this action could not be maintained. The direction of a verdict for the defendant was therefore properly given, and the motion for a new trial must be denied.

Motion for a new trial denied, with costs, and judgment ordered for the defendant on the verdict.