SCHURR v. NEW YORK & B. SUBURBAN INV. CO.

*(City Court of New York, General Term.* November 16, 1891.)

1. CORPORATIONS—ULTRA VIRES—LAND COMPANIES.
    A corporation was organized for the purpose of "purchasing, selling, leasing, and improving real estate and buildings, and manufacturing, purchasing, selling, and using building materials;" and was engaged in the business of buying suburban lands and selling them at an advance. It employed plaintiff to induce persons to organize corporations to locate on its land, and manufacture goods there, and agreed to pay him a commission on the capital stock of those corporations. *Held,* that the contract with plaintiff was not *ultra vires,* as its object was to enhance the value of the lands.
2. SAME—AUTHORITY OF PRESIDENT—ESTOPPEL.
    Where plaintiff has fulfilled his part of the contract, and the corporation has accepted the benefit thence arising, it cannot object to plaintiff's claim for compensation that the contract was made by its president, who had no authority to make it.
NEWBURGHER, J., dissenting.

Appeal from trial term.

Action by Samuel Schurr against the New York & Brooklyn Suburban Investment Company of New York. There was judgment for plaintiff, and the defendant appeals. Judgment affirmed.

Argued before VAN WYCK, FITZSIMONS, and NEWBURGHER, JJ.

*Francis H. Van Vechten,* for appellant. *A. H. Sarasohn,* for respondent.

FITZSIMONS, J.  The defendant is a corporation duly authorized to purchase, hold, sell, improve, and lease real estate and buildings, manufacture, purchase, sale, use of building stone, lumber, and other materials, and to do its business within certain counties of this state.  In pusuance of its corporate privileges, the defendant purchased certain lands in Bellport, Suffolk county, N. Y.; and, desiring to improve said property so as to be better able to sell the same, its president, Mr. Walker, engaged the plaintiff as its agent to induce persons to organize corporations or companies who would locate on the property of defendant, and manufacture their goods there, and agreed to pay him for such services 2 per cent. on the capital stock of such companies. The plaintiff caused to be organized two such corporations, the aggregate capitalization of which amounted to $36,000.  One of these corporations manufactured shirts; the other one, cigars.  This action is brought to recover the compensation fixed by the above contract, viz., $720.  The main defense is that said contract was and is *ultra vires* and void, and that the person making the same was not authorized to do so.  The action was tried without a jury, and judgment rendered in plaintiff's favor, which, in my opinion, should be affirmed.  The defendant, it appears, is mainly engaged in the business of buying and selling suburban lands, and undoubtedly buys as cheaply as possible and sells at the highest obtainable prices.  To enjoy the latter advantage, such lands must, of course, be made attractive; and I think that one of the most valuable, substantial, and enduring aids to the accomplishment of that end is the presence of factories, which invariably attract both capital and labor; and these two powerful factors in turn attract various other kinds of business, and also people seeking homes, all of which would certainly very greatly assist the defendant to carry out the practical purpose of its incorporation,—to sell its lands.  In fact, I cannot conceive a surer way to do so. The contract made by defendant's president when he engaged the plaintiff greatly aided the defendant in the prosecution of its business.  He had the right to employ the plaintiff as defendant's agent, to induce persons and corporations to locate and do business on its lands.  Such act was not *ultra vires*, but was clearly within the scope and policy of defendant's incorporation.  The defendant further contends that, even if such contract is not *ultra vires*, it is void, because it does not appear that its president was authorized to make the same.  However that may be, it is certain that it accepted the benefits and profits flowing from that contract.  Fair dealing, honesty, and the law, I think, now require it to bear its burden.  When a person is employed by a corporation, by one assuming to act on its behalf, and renders services according to the agreement, with the knowledge of its officers and without objection on their part, the corporation will be held to have sanctioned the contract, and will be compelled to pay for the services according to the agreement. *O'Hara* v. *Manufacturing Co.*, 2 City Ct. R. 159.  It is now very well settled that a corporation cannot avail itself of the defense of *ultra vires* when the contract has been fully performed by the other party, and the corporation has had full benefit of the performance and of the contract.  "Upon the general ground of reason and justice, no such answer can be set up."  "The executed dealing of corporations must be allowed to stand for and against both parties, where the plainest rules of good faith require." *Arms Co.* v. *Barlow*, 63 N. Y. 70, 71.  The judgment appealed from should be affirmed, with costs.

VAN WYCK, J., concurs.

NEWBURGHER, J., (*dissenting*.)  This action was brought to recover commissions for services rendered by plaintiff upon a special contract with defendant, in organizing certain manufacturing corporations to carry on operations.  The defendant is a corporation organized under the act of 1848, for the purpose of "purchasing, taking, holding, possessing, selling, improving,

and leasing real estate and buildings, manufacture, purchase, lease, sale, use of building stone, lumber, and other building materials." The agreement was not in writing, but is alleged to have been made between plaintiff and three of the trustees of the defendant corporation; but there is no evidence that the contract was authorized by the corporation, through its board of trustees. Whatever powers were conferred on the corporation must be exercised in its behalf by the trustees. They, acting as a board, can make or authorize acts binding on the corporation, and they alone. The qualification that the collective authority of the trustees, acting as a board, is essential in order to bind the corporation by the action of the trustees, is a recognized doctrine of the laws of corporations. *People's Bank* v. *St. Anthony's Roman Catholic Church,* 109 N. Y. 521, 17 N. E. Rep. 408. The trial justice, therefore, erred in finding that the defendant employed the plaintiff. The judgment must therefore be reversed, and a new trial granted, with costs to abide the event.