(20 Misc. Rep. 62.)

## H. KOEHLER & CO. v. REINHEIMER.

(Supreme Court, Trial Term, New York County. March, 1897.)

1. GUARANTY—LIABILITY OF GUARANTOR.
   Plaintiff guarantied the payment of rent by a lessee, in consideration of which defendant agreed to repay whatever plaintiff should be "called upon to pay." *Held*, that defendant was liable on his guaranty for rent paid by plaintiff only in case plaintiff was legally bound to pay such rent.

2. CORPORATIONS—CONTRACTS—ULTRA VIRES.
   It is ultra vires for a manufacturing corporation to guaranty the payment of rent, though the guaranty is given in the expectation that the lessee would be induced to become a customer of the corporation.

Action by H. Koehler & Co. against Isaac Reinheimer on an agreement by defendant to repay sums which plaintiff might be compelled to pay under a guaranty. Complaint dismissed.

Myers & Bronner, for plaintiff.

Dittenhoefer, Gerber & James, for defendant.

DUGRO, J. The plaintiff, a brewing corporation organized under the general manufacturing companies act, guarantied the payment of rent. Before delivering its guaranty, it obtained a guaranty from defendant that, if it should be "called upon to pay," he would repay the payment. Plaintiff seeks to recover from defend-

45 N.Y.S.—22

ant the amount which it paid upon the tenant's default. As the words "called upon" have reference to a legal obligation to pay, unless the plaintiff was legally bound by its guaranty the defendant is not liable upon his. The plaintiff was not expressly empowered to make such a guaranty as the one it gave, nor was the giving incidental to any power granted. If it at all related to the powers of the corporation, it is by so slight or remote a relationship that it cannot be considered as incidental. In Brice, Ultra Vires (3d Ed.) 269, it is said that:

"It is no part of the ordinary business of commercial—a fortiori, still less so of noncommercial—corporations to become surety for others. Under ordinary circumstances, without positive authority in this behalf in the constating instruments, all engagements of this description are ultra vires, * * * whether they take direct form of suretyship, or the indirect forms of joining in accommodation bills, or otherwise becoming liable for the debts of others."

The guaranty, not being within the powers granted, or incidental to any of them, was ultra vires, and of itself insufficient, upon a default of the lessee, to create a liability. See cases cited in Brice (3d Ed.) 269. There is no circumstance in the case which, taken with the guaranty and default, would create a liability. The payment by the corporation must therefore be considered voluntary. No right of recovery against defendant because of the payment exists. The mere expectation that the giving of the guaranty would induce the lessee to become a customer of the corporation is not material. Filon v. Brewing Co. (Sup.) 15 N. Y. Supp. 57. "The objection to the guaranty is that it risks the funds of the company in a different enterprise and business, under the control of another and different person or corporation, contrary to what its stockholders, its creditors, and the state have the right, from its charter, to expect." Humboldt Min. Co. v. American Manuf'g Co., 10 C. C. A. 415, 62 Fed. 356. The parties must be supposed to have understood that the guaranty given by plaintiff to the lessor in its inception was ultra vires. The act of the defendant in giving his guaranty cannot work an estoppel against setting up the invalidity of plaintiff's guaranty. Day v. Buggy Co. (Mich.) 23 N. W. 628. The complaint must be dismissed.

Complaint dismissed.