N. Y. 452, 28 N. E. 391; First National Bank v. Shuler, 153 N. Y. 163, 47 N. E. 262, 60 Am. St. Rep. 601.

In Lord v. Lord, 68 Hun, 537, 22 N. Y. Supp. 1004, it was held that where an agreement of separation, made by the husband and wife and a trustee, contained a covenant on the part of the husband to pay certain annual sums to the trustee for the wife's support, and the trustee agreed to indemnify the husband for the wife's debts, the wife could not maintain an action against the husband without the presence of the trustee as a party. In Galusha v. Galusha, 138 N. Y. 272, 33 N. E. 1062, which was an appeal from a judgment of the late General Term affirming a judgment in favor of defendant sustaining a demurrer to the complaint in an action to set aside a separation agreement and for other relief, it was held that the trustee named in the agreement was a necessary party to the action. The court said, referring to the opinion delivered on a former appeal in the same case (116 N. Y. 635, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453):

"That decision is authority for two propositions which must be accepted as the law of this case: First, that the deed of separation cannot be annulled in an action to which the trustee is not a party. * * * * "

By the agreement here under consideration the payments were to be made not to the wife, but to the trustee for her benefit, as well as for the benefit of the son. If the husband had failed to make the payments as provided in the agreement, then the one to enforce the same would have been the trustee, and if the plaintiff should procure a judgment in this action, without the presence of the trustee and the infant, it is difficult to see what protection it would be to the trustee if he were called upon to enforce the agreement for the benefit of the son. The son certainly has an interest in the agreement, and it cannot be set aside without his having an opportunity to be heard. The trustee also has an interest because he covenanted to indemnify the husband against any claim for the support of the wife, or the support and education of the infant. He is also, being a party to the agreement, entitled to be heard upon the question of fraud.

The judgment appealed from therefore is reversed, with costs, and the demurrer sustained, with costs on the first ground only, with leave to the plaintiff to serve an amended complaint on payment of the costs in this court and in the court below. All concur.

---

(76 Misc. Rep. 429.)

### M. H. MARCUS & BRO. v. NATIONAL FILM DISTRIBUTING CO.

(Supreme Court, Appellate Term.   May 3, 1912.)

1. CORPORATIONS (§ 425*)—AUTHORITY OF OFFICER—EXECUTION OF NOTES—ESTOPPEL OF CORPORATION.

   Where, in an action by the innocent purchaser of a check given in the name of a corporation by its treasurer, there was no evidence that the plaintiff purchased the check with knowledge of any previous transac-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tions between the payee and the corporation, the plaintiff could not set up that the treasurer had implied authority to execute the check because he had previously executed and delivered similar checks to the payee.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1697–1701, 1705; Dec. Dig. § 425.*]

2. CORPORATIONS (§ 432*)—OFFICERS—NEGOTIABLE INSTRUMENTS—EXECUTION.

An innocent holder of a check given in the name of a corporation by its treasurer must prove the authority of the treasurer to give the instrument; the treasurer as such having no implied power to execute and deliver negotiable instruments.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1718, 1724, 1726–1735, 1737, 1743, 1762; Dec. Dig. § 432.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by M. H. Marcus & Bro., a corporation, against the National Film Distributing Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Benjamin F. Feiner, of New York City (Nathan Ballin, of New York City, of counsel), for appellant.

Aaron Honig, of New York City, for respondent.

GUY, J. The plaintiff, who is a bona fide holder for value, brings suit upon a check bearing the name of the defendant corporation, and underneath said name is the signature "Israel J. Ablowich, Treas." The evidence shows that the signature is the signature of the treasurer of defendant corporation, and that the check was executed and delivered by the treasurer of the defendant to the payee with the understanding and agreement that the check would not be paid unless countersigned by the vice president of the defendant corporation, and an agreement on the part of the payee that he would present it to the vice president and obtain the countersignature of the vice president before using the same. The evidence also shows that the by-laws of the corporation were amended about three weeks before the making of the check in suit, so as to provide that all checks should be countersigned by the vice president of the corporation, that this fact was known to the payee of the check in suit, and that he had previously received checks from the treasurer of the corporation, which were so countersigned by the vice president. The evidence further establishes that, prior to the adoption of the amendment to the by-laws providing for such countersigning of checks, the treasurer had, during a long course of business with this payee, given him checks signed only by the treasurer, which checks were subsequently signed by the defendant corporation.

[1] The main ground of appeal urged by the appellant is that the plaintiff failed to show any authority in the treasurer to execute and deliver the check in suit. The respondent urges that, in view of the previous course of dealings between the corporation and the payee, and the fact that the payee had, previous to the adoption of the

amended by-laws, been paid in checks signed only by the treasurer, there was an implied authority in the treasurer to execute and deliver such checks, signed only by himself as treasurer, without any countersigning by the vice president. But it does not appear herein that the plaintiff, prior to purchasing or cashing the check in suit, had any knowledge of such previous transactions between the payee and the defendant, and it cannot be urged that the defendant, so far as the plaintiff is concerned, is estopped from denying the authority.

The only remaining question is whether there is any presumed authority in the treasurer of the corporation to sign checks, or other negotiable instruments, as incidental to the general powers of his office, which would relieve purchasers of such instruments from the duty of inquiring into the authority of the person executing and issuing the same. It is urged by the respondent that the treasurer was also the manager of the corporation; but it does not appear that this fact was ever brought to the knowledge of the plaintiff before purchasing the check in suit, so as to establish any principle of estoppel against the defendant.

[2] I do not think the office of treasurer carries with it any implied power to execute and deliver negotiable instruments in the name of a corporation, regardless of the provisions of the by-laws; and it appears to be the established rule that, as to negotiable instruments alleged to have been issued by a corporation, any holder or purchaser thereof is presumed to have notice that it must be taken subject to proof of authority on the part of the person by whom it purports to have been made, and that the plaintiff, in an action brought upon such an instrument, must affirmatively prove the authority of the officer signing the instrument. The Court of Appeals, in People's Bank v. St. Anthony, 109 N. Y. 512, 17 N. E. 408, held:

"Proof that a promissory note purporting to be made by a corporation was signed by its president and secretary does not show that it is the note of the corporation, without proof that it was made by its authority."

The plaintiff has failed to show either actual or implied authority in the treasurer to sign and deliver the check in suit, without the countersignature of the vice president, and has, therefore, failed to establish the allegation of his complaint that the defendant made, executed, and delivered the check in suit.

The learned trial court, therefore, erred in directing a verdict in favor of the plaintiff, and the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.