Guy, J.
Plaintiff appeals from a judgment dismissing its complaint in an action brought to recover the sum of $408.20 for damages for breach of a contract of indemnity. The answer was a general denial.
The contract of indemnity was given under the following circumstances: In May, 1918, defendant gave plaintiff an order for certain paper, the invoice price of which was $613.80. The order given by defendant and accepted by plaintiff contains the following provision: “ Goods must be packed in smallest possible cubic space, but sufficiently strong to withstand ocean transportation, etc. Cases must be iron strapped. * * * This order is placed subject to conditions and particulars specified in your letter of May 7,1918. * * * Packing — in bales of 500 pounds each. Bales to be covered with waterproof paper with boards on top and bottom and iron strapped.” The letter of defendant dated May 7, 1918, referred to in the above order contains the same clause: “to be *607 packed in bales of 500 pounds each. Bales are covered with waterproof paper, with boards top and bottom and iron strapped, which is the regular packing for export.”
The goods were delivered, as per plaintiff’s shipping instructions, on board vessel on or about August 14, 1918. On August 21, 1918, defendant wrote plaintiff : ‘ ‘ Enclosed please find dock receipts for 23 and 45 bales of newspaper print, which we trust are satisfactory.” The forty-five bales refer to another order, and the twenty-three bales refer to the matter in controversy herein. On August 14, 1918, plaintiff wrote defendant: “ Referring to shipment on our orders Nos. CH/542-543 which you have partly effected to the steamship ‘ Melderskin ’ of the Wessel, Duval Steamship Line, we had one of our representatives at the pier today, and he reports that the bales delivered by you are in a lamentable condition, and it is a question as to what condition these packages will arrive at destination. The packing is extremely frail for packages of their weight. . Besides, they are in no way protected with waterproof paper or boards and strapping as they should be, if packed in bales, as specified on our above-mentioned orders. Please bear in mind that we will have to hold you responsible for any claims that may result from this very poor packing, if such you can call it. * * * Payment of these invoices will be passed only on receipt of clean dock! receipts.” Order No. 543 referred to in the foregoing letter is the contract of sale between the parties hereto. On receipt of defendant’s letter of August twenty-first inclosing dock receipts, some conversation appears to have taken place between the, parties; and on August twenty-eighth defendant wrote plaintiff: “In furtherance of the conversation held this morning with our Mr. Strange, we appreciate your po *608 sition in this matter. We are willing to be held responsible for any neglect on onr part as to the packing of these goods, and feel confident that you would not impose upon us in case of any trouble with your client. We are more than pleased at all times to make good when we are at fault.” Plaintiff replied on August twenty-ninth as follows: “We, however, regret to state that while we believe that your intentions are sincere in this matter, the wording of your letter is not in accordance with the arrangements talked over with your Mr. Strange, and in order to expedite settlement of your bills, we will gladly pay same if you will agree, in writing, to be responsible for any claims that we may receive from our clients on account of the deficient packing of the paper in question.” In reply to said letter defendant wrote plaintiff (Exhibit 7): “Answering your favor of the 29th inst., we herewith express to you our readiness to be responsible for any claims that may be made to you by your client on account of any deficiency in the packing of the 15 tons of news print paper which we delivered to you. ’ ’ Following the receipt of this letter plaintiff paid defendant in full for the goods ordered, and subsequently plaintiff received a claim from its client for $408.20 which claim plaintiff paid and demanded repayment by defendant, which payment defendant refused; and this action is brought by plaintiff to recover the amount of said claim made by plaintiff’s client and paid by plaintiff in reliance on defendant’s agreement of indemnity.
Two questions arise on this appeal: first, whether there was sufficient consideration for the contract of indemnity; second, whether, assuming the contract to be valid and for sufficient consideration, plaintiff has proved damage. I am of the opinion that there was sufficient consideration for the contract of indemnity, as plaintiff, in consideration thereof, waived all individual claim for defective condition of the goods, *609 which claim it might have enforced even after acceptance of the goods. Sales Act, § 130. As to the second question, I think plaintiff has failed to offer competent proof of damage, and, in the absence of such proof, the complaint was properly dismissed. It is the theory of the plaintiff-appellant that under the contract of indemnity defendant was obligated to pay any claim made upon plaintiff by its client (the consignee) whether the same had any proper basis in fact or constituted any legal obligation on the part of plaintiff-appellant to the consignee. In Niagara Falls Paper Co. v. Lee, 20 App. Div. 217, cited by plaintiff, though not entirely analogous, the court held that plaintiff had proven that it was actually damaged, and goes on to say: “ The law imposes upon a party subject to an injury by a breach of contract by the other party, the active duty of using reasonable exertions to make the injury as light as possible.” In French v. Vix, 143 N. Y. 90, the court say: “ The indemnitors could not be liable .unless the party to be indemnified became liable.” Defendant’s indemnity agreement must be construed as meaning to repay any sum which plaintiff was legally obligated to pay, and unless the plaintiff was legally bound to pay the claim of the consignee, defendant would not be liable under its guaranty. See Koehler & Co. v. Reinheimer, 20 Misc. Rep. 62. “ Every contract implies good faith and fair dealing between the parties.” Simon v. Etgen, 213 N. Y. 595; Gorham Cons. Co. v. Woolman, 111 Misc. Rep. 365.
The case is entirely lacldng in proof showing that the goods were defectively packed or that there was any breach of the provisions of the contract, except the dock receipts, on which are stamped the words, “ Partly protected, shippers’ risk,” which was clearly hearsay, defendant’s letter of August twenty-eighth, *610 which was a self-serving declaration based on hearsay, and certain affidavits made by people at the point of destination, which, if admitted, were not competent proof as to the condition of the goods at the time of shipment in New York and certainly did not establish, at all the damage claimed by plaintiff. One of said affidavits states as a basis for the consignee’s claim of damage, “ We also have been able to attest to the fact that not all of the paper is the same kind, as we have: found paper of four different colors and thicknesses,” and arbitrarily fixes the damage at a minimum of forty per cent of the invoice value. The depositions! of these witnesses, with opportunity for cross-examination, were not taken; and on the incompetent proof it was impossible to determine how much of the damage claimed was due to improper packing, how much due to conditions connected with transportation over which the defendant had no control, and for which it could not be held liable, and how much to the fact that the goods were not of the kind or quality specified in the order.
I think the complaint was properly dismissed, and I recommend affirmance.
Finch and Wagner, JJ., concur.
Judgment affirmed, with costs.