■ CALVARY BAPTIST CHURCH OF WHITE PLAINS, NEW YORK, INC., Appellant, v. JAMES I. WILLIAMS et al., Respondents.— In an action for a declaratory judgment, an injunction, an accounting and money damages, plaintiff appeals from an order of the Supreme Court, Westchester County, entered October 29, 1971, which (1) denied its separate motions for a preliminary injunction and to stay a special corporate meeting and (2) granted a motion by defendant James I. Williams to dismiss the complaint on the ground that plaintiff lacked authority to sue, without prejudice to commencement of a derivative action for plaintiff's benefit. Order modified by striking therefrom the third decretal paragraph, which granted said motion to dismiss the complaint, and said motion remanded to Special Term for (1) a hearing on the issues of whether the meeting of August 21, 1971 was lawfully called and held and whether this action was lawfully authorized and (2) a new determination on that motion. As so modified, order affirmed, with $10 costs and disbursements to appellant. In our opinion, the Board of Trustees of a Baptist church may commence legal action without the consent of a corporate meeting where it is necessary for the care and preservation of the corporate property (Religious Corporations Law, §§ 5, 139). On the conflicting affidavits submitted at Special Term, it cannot be determined whether the August 21, 1971 meeting of the trustees was called and held as required by section 137 of the Religious Corporations Law and whether this action was authorized by the trustees acting as a board and not as individuals (*People's Bank* v. *St. Anthony's R. C. Church,* 109 N. Y. 512, 521–522). Accordingly, a hearing should be held on these issues. Rabin, P. J., Hopkins, Latham, Gulotta and Christ, JJ., concur.