(28 Misc. Rep. 268.)

## WILSON v. TABERNACLE BAPTIST CHURCH.

(Supreme Court, Trial Term, New York County.   May, 1899.)

1. RELIGIOUS SOCIETIES—APPLICABILITY OF RULES OF LAW AND EQUITY TO
   DEALINGS.
        Religious corporations are governed by the same general rules of law
   and equity as other corporations.
2. SAME—AUTHORITY OF OFFICERS—REPUDIATION.
        A religious corporation cannot repudiate the authority of its treasurer
   to borrow money, and still retain the borrowed money.

Action by Lucius A. Wilson against the Tabernacle Baptist Church.
Judgment for plaintiff.

One John D. Rockefeller during several years furnished money from time to
time to the Tabernacle Baptist Church, a part of which was concededly fur-
nished as contributions, and other parts of which Rockefeller claims were tem-
porary loans to the church.   The parts which Rockefeller claims were tempo-
rary loans were receipted for by the treasurer of the church, or a committee
of its board of trustees, in which receipts it is expressly stated that the amounts
are so received as temporary loans.   The amounts so received and receipted
for were not repaid on demand, and said Rockefeller assigned his claim there-
for to the plaintiff, and this action is brought to recover of the church cor-
poration the moneys so furnished.

Howland & Murray, for plaintiff.
Fullerton & Scharps, for defendant.

CHASE, J.   The testimony before me is uncontradicted that Mr.
Rockefeller advanced the amounts in question as temporary loans,
and that they were received by the treasurer or representatives of the
defendant with the express written statement that they were so re-
ceived as temporary loans.   Whatever presumption exists, if any,
that payments made to religious corporations are intended as gifts,
and not as loans, is clearly overcome by the evidence in this case.
It is conceded that the several amounts so advanced were paid out by
the defendant for claims actually owing by the defendant.   The ad-
vancements were not made in view of contemplated expenditures,
but were advanced and used in payment of accounts already made
and owing by the church.   There is no evidence before me showing
that the board of trustees of the defendant, as a body, knew of the
loans being made, or that they ever, with knowledge, ratified the ac-
tion of their treasurer or representatives in obtaining the loans.

Religious corporations are governed by the same general rules of
law and equity as other corporations.   The presumptions of fact ap-
plicable to religious corporations are not in all cases the same as the
presumptions of fact applicable to other corporations.   There is no
presumption that a treasurer of a religious corporation has power to
borrow money, sign notes, and bind the corporation.   It was conse-
quently held, in the cases of People's Bank of New York City v. St.
Anthony's Roman Catholic Church, 109 N. Y. 512, 17 N. E. 408, and
Columbia Bank v. Gospel Tabernacle Church, 127 N. Y. 361, 28 N. E.
29, that a recovery could not be had against a religious corporation
on a promissory note without showing authority on the part of the
person signing the note to bind the corporation.   An executory

agreement of a religious corporation cannot be enforced, without proof of authority in the person executing the agreement to execute the same in the name of the corporation, or without showing ratification by the corporation with knowledge of all the facts.

The contention of the defendant in this case is to the effect that, if the treasurer of a religious corporation should in fact borrow money to pay indebtedness incurred for the legitimate purposes of the corporation, and the corporation should thereafter use the money in payment of such indebtedness, they would not be required to repay the same, if the board of trustees of the corporation, at the time they used the money, were not aware of the fact that the moneys were the proceeds of a loan, and not a contribution. No authority has been called to my attention holding any such doctrine. It is contrary to every rule of law and equity. There is no evidence in this case to estop the plaintiff from demanding a return of the money. The dire consequences to religious corporations of applying this rule of law applicable to ordinary business transactions is imaginary, rather than real. Money put into a contribution box is a gift, as a matter of fact, and not a loan. The fact that the money must now be returned does not put the church corporation in any worse position than it was in before the accounts were paid with the money borrowed. The debtor only has been changed. If money is in fact loaned, a religious corporation cannot repudiate the authority of the treasurer in borrowing the money, and still retain the money. The money should be returned. Plaintiff is entitled to judgment for the four last items mentioned in the complaint (being the items not barred by the statute of limitations), together with interest on such items from the time when the same were severally advanced.

Decision and judgment may be prepared accordingly, with an order for an extra allowance of 5 per cent., and, if not agreed upon as to form by the counsel for the respective parties, the same may be settled before me at my chambers at any time on two days' notice.