MICHAEL PARUCKI and JOSEFINA PARUCKI, Respondents,
*v.* THE POLISH NATIONAL CATHOLIC CHURCH OF THE
HOLY MOTHER OF THE ROSARY, Appellant.

(Supreme Court, Erie Special Term, December, 1920.)

Negotiable instruments — lack of authority in officers of a
religious corporation to issue notes — evidence.

A business act of a religious corporation must be shown to
have been duly authorized before any liability therefor will
attach.

A promissory note purporting to have been made by a
religious corporation organized under the Laws of 1813 can
only be authorized at a meeting of five of the nine trustees
which the corporation was authorized to elect each year.

Proof that such a note was signed by the president, secre-
tary and treasurer of the corporation does not show that it is
the note of the corporation without proof that it was made
by its authority. The fact that not all of the nine trustees were
acting as such when the note was made does not change the
requirement that five trustees were necessary to constitute a
quorum.

The evidence in an action on the note being insufficient to
support a finding that it was authorized by the board of trustees,
and the record on appeal from a judgment in favor of plain-
tiff not showing that defendant received the money represented
by the note, and that the corporation by its board of trustees
never admitted its liability thereon, the judgment appealed
from will be reversed and a new trial ordered.

APPEAL from a judgment of the City Court of Buffalo
rendered in favor of plaintiffs.

Henry Adsit Bull, for appellant.

Alfred L. Harrison, for respondents.

LAING, J. This is an appeal from a judgment of the
City Court of Buffalo rendered on July 30, 1920, for
$1,252.80, recovered on a promissory note purporting

to have been given by the defendant to the plaintiffs, dated November 2, 1909, for $700.

The prior judgment in favor of the plaintiffs was reversed by this court. *Parucki* v. *Polish National Catholic Church of the Holy Mother of the Rosary,* 177 N. Y. Supp. 206.

The note was signed by the president, secretary and treasurer of the defendant. On the Thursday evening preceding the date of the note, at the usual time and place of holding meetings by the trustees of the defendant, at least four trustees met, and then and there the action was taken which the plaintiffs contend authorized the giving of this note.

On the former appeal it was assumed that five trustees met at this time, but it was held that no action was taken by them as a board, and hence that the note was not authorized.

The evidence on this trial discloses more fully the action taken at this meeting, and the trial judge, I think rightly, concluded that the trustees did act as a board in such a way as to make their action valid.

The question, however, is now presented as to whether or not there was at this time a quorum of trustees. The defendant was incorporated as a religious corporation under the Laws of 1813, and the number of its trustees authorized, and each year elected, was nine. The record does not show clearly the number of trustees in October and November, 1909, but it does indicate that not all the trustees were then acting, for the reason that at that time there was a division in the church. The evidence upon the former trial as to the number of trustees at this particular meeting was: " Q. Who was present at that meeting? A. Simon Zacholski, Frank Borowiak, Bishop Kaminski; I think Ignatz Gliczinski was there. I could not say, I think he was there. Q. Were you there? A. Yes, sir."

This evidence was repeated upon the second trial and the same witness also testifies as follows: " Q. There was present at the meeting Simon Zacholski? A. Simon Zacholski was there. Q. Anybody else? A. The secretary and Bishop Kaminski. Q. Anybody else? A. The treasurer, Joseph Siejak. Q. Anybody else? A. Frank Borowski. .Q. Was Ignatz there? A. I didn't see him that time. Q. This Simon Zacholski was president? A. Yes * * *. The Court: Q. How many were there at that meeting? Mr. Harrison: A. Four. Bishop Kaminski, Zacholski, Siejak and Borowiak. Mr. Harrison: Q. Do you know positively what people were there that night, and, if so, who were they? A. Bishop Kaminski, Simon Zacholski, Joseph Siejak, Frank Borowiak. Mr. Harrison: Q. In your last testimony you said that Ignatz might have been there. Was he or was he not? A. I cannot say for positive whether he was or not."

The evidence on the former trial probably permitted a finding that five trustees were present at this meeting. That finding cannot be made upon the record now before the court. The trial judge apparently assumed that the evidence on the second trial was not different from that given on the previous trial. Hence the question as to whether or not there was a quorum of trustees at this meeting was not discussed by him. The question however is necessarily involved in this appeal. This note could be authorized only at a meeting of five trustees. No question of notice of the meeting is involved. The meeting was at the usual place and at the usual time. Those facts however did not permit action unless a quorum was present at the meeting.

The General Corporation Law (§ 34) provides that " a majority of the board of directors of a corporation at a meeting duly assembled shall be necessary to-con-

stitute a quorum for the transaction of business.'' The decisions are in accord with this rule. *Moore* v. *St. Thomas Church,* 4 Abb. N. C. 51; *Ex parte Willocks,* 7 Cow. 402; *Round Lake Assn.* v. *Kellogg,* 20 N. Y. Supp. 261; affd., 141 N. Y. 348; *Erie R. R. Co.* v. *City of Buffalo,* 180 id. 197; Cook Corp. § 713A.

The fact that not all of the nine trustees were acting as such did not change the requirement that five were necessary to constitute a quorum. A majority of the legal number is required to hold a meeting. *Moore* v. *St. Thomas Church,* 4 Abb. N. C. 51; *Ex parte Willocks,* 7 Cow. 402; *Round Lake Assn.* v. *Kellogg,* 20 N. Y. Supp. 261; *Erie R. R. Co.* v. *City of Buffalo,* 180 N. Y. 197; 10 Cyc. 329; Thomp. Corp. (Ed. 1895) § 3917; Cook Corp. § 713A.

The fact that this note was signed as it was does not make its issuance the act of the defendant. Proof that a promissory note purporting to be made by a corporation was signed by its president and secretary does not show that it is the note of the corporation without proof that it was made by its authority. *Peoples Bank* v. *St. Anthony's R. C. Church,* 109 N. Y. 512. Even if it be held that such proof would be *prima facie* evidence that the note was authorized, such a holding would not avail here because full proof was made by the plaintiffs as to how and why the note was given. The general rule is that a recovery cannot be had against either a religious or business corporation, on commercial paper, unless the evidence warrants a finding, not only that the paper was issued by officers of the corporation but that its issuance was authorized by the by-laws, or by resolution of the board of directors, or by a course of dealing by which the corporation held them out as authorized to issue it, and would be deemed estopped from questioning their authority, or of ratification by the acceptance

and retention of some benefit or advantage from the unauthorized act or otherwise. *Miners & Merchants' Bank* v. *Ardsley Hall Co.*, 113 App. Div. 194. As to a religious or other corporation not engaged in business, a business act which charges them with liability must be shown to have been authorized before the liability will attach. *Karsch* v. *Pottier & S. Mfg. & Imp. Co.*, 82 App. Div. 230, 233; *Miners & Merchants' Bank* v. *Ardsley Hall Co.*, 113 id. 194; *Kelley* v. *St. Michaels R. C. Church*, 148 id. 707. Proof that the defendant received the money represented by this note might entitle the plaintiffs to recover under the authority of *Wilson* v. *Tabernacle Baptist Church*, 28 Misc. Rep. 268. There is evidence that this money was borrowed to pay the interest on the defendant's mortgage, and that Bishop Kaminski announced in church meetings that this note was one of the defendant's obligations. This evidence does not show that the $700 was used to pay the interest on the church mortgage, nor does the announcement in a church meeting that this note was a church obligation and the acquiescence of the congregation constitute a ratification. Neither the priest nor the congregation represented the defendant in a business transaction. The board of trustees, acting as a board, alone could bind the defendant by a contract or by an admission.

Having reached the conclusion that the evidence does not support a finding that the note in suit was authorized by the board of trustees, and that there is no evidence in the record that the defendant received the money represented by the note and that the defendant by its board of trustees never admitted its liability to pay the note, it necessarily follows that the judgment appealed from must be reversed, and a new trial ordered, costs to abide the event.

Judgment reversed and new trial ordered, costs to abide event.